RICHARD JONES, PLAINTIFF IN ERROR, VS. ALEXANDER LOFTON, DEFENDANT IN ERROR.

1. The action of ejectment is one in which the plaintiff must show that he has not only the legal interest, but a possessory title in and to the premises in controversy before he will be entitled to recover.

2. In order to enable a plaintiff to recover in such an action, when his right of possession is controverted, he must prove—first, that he had

the legal title to the premises at the time of the commencement of the action; second, that he had the right of entry; and third, that the defendant, or those claiming under him, were in possession at the time the suit was commenced.

Writ of error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*Alva A. Knight* for Plaintiff in Error.

In ejectment, a defendant who has *entered forcibly* into possession of the premises in question, is not debarred by such forcible entry from showing title in himself. The remedy of the party dispossessed, if any, is under the statute of forcible entry and detainer. Wendell's Reports, Vol. 9, Ps. 201–2–3; Jackson, ex. dem., Stansbury vs. Farmer.

This was an action of ejectment, tried at the Cayuga Circuit, in January, 1830. The lessor of the plaintiff, Stansbury, claimed to recover the possession in question on the strength of a *possession of ten years* previous to the 1st of May, 1829. It was proved, about the 1st of May, 1829, the defendant entered the premises forcibly, and put the wife of Stansbury out of possession. The defendant gave in evidence a deed of the premises in question from Stansbury to one Wychoff, bearing date 14th September, 1820, and a conveyance from Wychoff to himself, bearing date 21st April, 1829. This evidence was at first objected to and overruled, but subsequently, by consent of the plaintiff, it was received by the judge, and the parties went into proof on the question whether or not the defendant had *forcibly entered into* the possession of the premises?

The presiding judge charged the jury that if the defendant entered without force he was entitled to a verdict, but if he *entered with force*, the title which he had exhibited could not avail him as a defence, and that the plaintiff in such case was entitled to his verdict.

The jury found for the plaintiff. The defendant asked for a new trial.

"*By the Court*—Nelson, J.   It was decided by this court, in Hyatt vs. Wood, 4 Johns., 150, and the same principle was again applied in Ives vs. Ives, 13 id., 235, that a person having a legal right of entry in land may enter by force, and though indictable for a breach of the peace at common law, or under the statute for forcible entry and detainer, he is not liable to a private action of trespass for damages at the suit of the person in possession.

"This position, apparently harsh, and tending to the public disturbance and individual conflict, is abundantly supported by authority, and must be considered the law of the land. 3 Black. Comm., 5, 174; 1 Hawk., 274; 7 T. R., 43; 8 Com. Law, 280; 14 id., 59.

"It was the abuse of this summary power to right one's self by entry, where the right of entry existed, which gave rise to the numerous English statutes against forcible entry and detainer, of which our old act was substantially a copy, and in these acts and the common law remedy by indictment are to be found the only protection of the party thus forcibly dispossessed.

"They punish criminally the force, and in some cases make restitution of the possession. (11 John., 509; 13 id., 340.) But so far as the civil remedy is concerned, there is none but what is afforded by these acts.

"The act of *trespass*, like that of *ejectment*, is a possessory action involving an inquiry into the right of possession to the premises in question, and was anciently the usual mode of trying the title to land or the right in the possession, and I concur with Chief-Justice Spencer, in Jackson vs. Selye, 16 John., 200, that the principle decided in Hyatt vs. Wood is strictly applicable to the action of ejectment. Indeed this action, which was the remedy devised for a lessee of a term of years who was ousted from his term, was originally

but an action of trespass in effect, and the recovery was in damages only for the dispossession. (3 Black. Comm., 199, 200; 2 Seld., 510.) And I can perceive no reason why the ordinary action of trespass was not used, except the difficulty which existed in the principle of that action which requires the plaintiff to sustain it to show himself in the possession of the premises in fact, or in judgment of law, at the time of the injury committed.

"A disseissee cannot maintain trespass for an injury to the freehold until he has regained the possession, and the lessee was viewed in this character afterwards. The court determined the lessee should not only recover damages, but also his term, which soon brought the action into general use. Before the action of ejectment, as now understood, came into use, this possessory right to land was tried by writ of *entry*, or an assize, and although the tenant might have entered into possession or the like, yet if he could show a right to the possession in himself, or in those under whom he made claim, he justified such entry. 3 Black. Comm., 181, 2, 3.

"Another principle which I think applicable to the defence in this case is, that when the entry of a party is *congeable*, that is where he has a right of entry and in pursuance thereof enters into the possession of land, he is thereby remitted to his title; not so where the right of entry has been barred, though he may have the title, for then he must resort to his action. Viner's Abr., tit. Remitter, G. F.

"There are many cases in the books where the tenant in possession is estopped from setting up his title in this action, to which it is not now necessary to refer, as they have no particular bearing upon the question under consideration.

"The ground upon which I place the decision of the case is, that at common law, the party who possessed the legal right of entry might enter by force, and defend his posses-

sion under his title, subject only to an indictment for a breach of the peace, or under the statute for the forcible entry, and to a restitution of the possession by virtue of the proceedings under that statute.

" The revised statutes have extended the remedy for forcible entry and detainer, so that it now affords ample redress to every one in the peaceable possession of land, who has forcibly been dispossessed without regard to title or right to possession. (The People vs. Van Nostrand, *ante* 50.) New trial granted." Also see Daniel Hartley, appellant, vs. Lawrence J. Ferrell, appellee, 9 Fla., 374-5-7.

" A plaintiff in ejectment is required in the first instance only to show a legal title, and a right of entry under it, in order to drive the defendant to the exhibition of a paramount title."

" A purchaser at a sheriff's sale has only to show his deed, the execution under which the land was sold, and prove title in the defendant in execution, or *possession since the rendition of the judgment*, and the *onus probandi* is cast on the opposite party."

And even where the plaintiff claims under a sheriff's deed, and the action is against a *stranger* to the execution, all that is required of the plaintiff in order to sustain the deed is to make due proof of the judgment and execution. Hartley vs. Ferrell, 9 Fla., 376 ; Davis vs. Shuler, 14 Fla., 448.

*T. A. McDonnell* for Defendant in Error.

This is a writ of error from a judgment rendered in an action of ejectment brought by Richard Jones against Alexander Lofton to recover certain lands in Duval county. The defendant pleaded the general issue, and the cause proceeded to trial.

The plaintiff, upon the trial, claimed under a sheriff's

deed, producing the deed and the execution under which the land sold, but failed to prove title in the defendant in execution or possession since the rendition of the judgment. The defendant offering no evidence, the case was submitted to the jury under the charge of the court.

The court charged the jury that a purchaser at a sheriff's sale has only to show his deed, the execution under which the land was sold, and prove title in the defendant in execution or possession since the rendition of the judgment, and the *onus probandi* is cast on the opposite party.

The plaintiff having failed to show title in the defendant in execution or possession since the rendition of the judgment, the jury, under the charge of the court, rendered a verdict for the defendant not guilty.

A motion for a new trial denied, and a judgment entered upon the verdict. To which ruling the plaintiff excepted, and the cause is now before the Supreme Court on said exception.

Defendant relies on the decision of the Supreme Court, State of Florida, Hartley vs. Ferrell, vol. 9th, 374: " A purchaser at a sheriff's sale has only to show his deed, the execution under which the land was sold, and prove title in the defendant in execution or possession since the rendition of the judgment, and the *onus probandi* is cast on the opposite party." Defendant failed to prove either one or the other.

Mr. Justice VanValkenburgh delivered the opinion of the court.

This was an action of ejectment brought by Jones against Lofton, to recover possession of a lot in the city of Jacksonville. The declaration was filed May 25, 1876. The defendant put in a plea of not guilty, and the cause was tried at the January term, 1877, of the Fourth Judicial Circuit for Duval county. The jury found for the defendant, and on

the 29th day of January, 1877, judgment upon such verdict was duly entered.

The plaintiff, on the trial to establish his right of action, introduced as evidence—First. A deed for the premises described in the declaration from John S. Driggs, Special Master, to the plaintiff Jones, dated the 2d day of March, 1875, reciting that the sale of the premises was made at public auction and by virtue of a final decree of foreclosure made in the Circuit Court for the Fourth Judicial District for Duval county, on the 6th day of January, 1875, in a cause wherein Samuel C. Thompson was complainant, and Francis W. Solana and his wife were defendants; and that the plaintiff Jones was the purchaser at such sale. Second. The final decree of foreclosure and sale recited in such deed, and upon which the sale of the said premises was made by John S. Driggs, Special Master in Chancery, therein and thereby appointed. Richard Jones, the plaintiff, in his own behalf, testified: "He is familiar with the premises mentioned in the pleadings, and for which he has had this suit in ejectment brought against the defendant; he is not certain as to the number of the block or number of the lot; they are the same premises from which John H. Brown, deputy sheriff, removed me in a case of unlawful entry and detainer." John H. Brown, a witness for the plaintiff, testified as follows: "I know the premises in controversy; as deputy sheriff I had a writ of possession placed in my hands commanding me to put Alexander Lofton in possession of lot 6 of block 59, Jacksonville, Florida, which covers the premises in controversy. The following is the return I made upon the writ:

"Received this writ January 10, 1876; executed the same January 11, 1876, by delivering to the within named Alexander Lofton the possession of the within described property, together with the appurtenances therein as described

in said writ, in the county of Duval and State of Florida.
" (Signed) Jno. S. Driggs,

Sheriff D. C.

" By John H. Brown, Deputy.

" Richard Jones, plaintiff, was in possession at the time said writ was filed."

This was all the evidence introduced by the plaintiff; the defendant offered no proof; no exceptions were taken to the charge of the court.

The plaintiff moved for a new trial for the reasons " that the verdict was contrary to the evidence and to the charge of the court." The court denied the motion, and the plaintiff brings the case here by writ of error.

The action of ejectment is one in which the plaintiff must show that he has not only the legal interest, but a possessory title in and to the premises in controversy, before he will be entitled to recover. The plea of not guilty puts in issue all of the allegations contained in the declaration, and it is not incumbent upon the defendant to show title or right of possession until the claimant has made out his case. In order therefore to enable the plaintiff to recover, when his right of possession is thus controverted, he must prove—1st, that he had the legal estate in the premises at the time of the commencement of the action; 2d, that he had the right of entry, and 3d, that the defendant or those claiming under him, were in possession at the time the suit was commenced. Greenleaf's Ev., § 304; Adams on Ejectment, 247; Daniel vs. Lefevre, 19 Ark., 201.

Has the plaintiff complied with these requirements? The deed from the special master in chancery, conveying to him the premises he seeks to recover, seems to be in legal form, and was not objected to. The decree of foreclosure of the mortgage given by Solana and wife to Thompson is also in evidence without objection, and it may be reasonably concluded, so far as plaintiff's right to recover is concerned,

that the title is vested in him. Then has he the right of entry? He must not only show his deed and the execution under which the land was sold to entitle him to such right of entry, but he must prove title in the defendant in execution or possession since the rendition of the judgment, and then the *onus probandi* is cast on the opposite party. Hartley vs. Ferrell, 9 Fla., 374.

Solana and his wife were the defendants in the foreclosure case, and Jones was the purchaser at the master's sale under the decree; he was a stranger to the proceedings by virtue of which the premises were sold. He proved no title in the defendants in execution, and no evidence of his *legal* possession subsequent to his purchase. All the evidence of possession is uncertain, and it appears if he had any possession at all it was wrongful, as he was lawfully ousted under the forcible entry and detainer act. The jury passed upon that evidence, and by their verdict, under the charge of the court, which is not excepted to, found for the defendant. The court also, in denying the motion for a new trial, acquiesced in the finding of the jury upon that question of fact, which seems to have been fairly presented to them in the charge.

A still more serious objection to the plaintiff's recovery in this action, upon his case as presented, appears in this, that he failed to prove the defendant in possession of the premises claimed at the time of the commencement of the action. The plea of not guilty puts the allegation of defendant's possession in issue, and it is as necessary to prove such possession before a recovery can be had, as it is to prove the legal title and the right of entry.

This action was commenced on the 25th of May, 1876, and the proof only shows Lofton in possession by virtue of proceedings under the "forcible entry and detainer" act on the 11th day of January previous. The question of possession by the defendant at the time of the commencement of

the action was not in the case of Hartley vs. Ferrell, above cited, and consequently was not passed upon by the court in its opinion.   See cases above cited ; and also VanHorn vs. Everson, 13 Barbour, 526 ; Jackson vs. Ives, 9 Cowen, 661.

The judgment of the court below is affirmed.