DAVID H. CARN, APPELLANT, VS. JULIA HAISLEY ET AL., APPELLEES.

1. An instrument in writing made by a married woman purporting to be a deed conveying real estate, but without a seal, not acknowledged by her as required by statute, and in which her husband did not join, is a nullity.

2. Such paper acquires no validity from the execution of a paper by the husband afterwards purporting to ratify said deed of the wife.

3. A private examination of the wife before the proper officer is an indispensable requisite to the conveyance of her real estate. A deed of land belonging to a married woman, but not acknowledged by her until after suit, commenced by her grantee for the recovery of the land described therein, cannot be introduced in evidence in said suit.

4. The plaintiff cannot avail himself of a title acquired or which did not subsist in him until after he commenced suit.

5. Neither sections 5 nor 6, p. 732, McC's. Dig., require that the written instrument upon which the occupant founds his claim of title, should be a rightful title.

Appeal from the Circuit Court for Marion county.

The facts of the case are stated in the opinion.

No Counsel appeared for Appellant.

*Miller & Spencer* and *John A. Henderson* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

The appellant, David H. Carn, on the 26th day of March, 1884, brought an action of ejectment against the appellees, Julia Haisley and W. P. Haisley, for lots 3 and 4, in block 36, in the town of Ocala. On the trial thereof there was a verdict and judgment for defendants.

Plaintiff introduced in evidence a paper purporting to be

a deed, but without a seal, executed by Elizabeth Jackson to D. H. Carn, on the 20th day of September, A. D. 1880, conveying to said Carn the lots in controversy.

The plaintiff offered in evidence the following paper, made March 19th, 1885, which was objected to by defendants and the objection sustained, and plaintiff excepted:

" STATE OF FLORIDA, }
  " Alachua county. }

"Know all men by these presents that I, Isham Jackson, husband of Elizabeth Jackson, did, at the time of the execution of a certain deed dated September 20th, 1880, by my said wife to D. H. Carn, whereby she conveyed to the said Carn the following lots of land in the town of Ocala, Marion county, Florida, known and described as Lots Nos. three and four (3 and 4) of block thirty-six, according to the old survey of the said town of Ocala, and bounded as follows: on the south by South street, east by Orange street, west by Lime street, and on the north by lots numbers one and two of said block thirty-six, containing one-half acre, more or less, give my full and entire consent to the execution of said deed by my said wife, Elizabeth Jackson, and in consideration of the sum of money so mentioned in said deed as being paid, and which was received by my said wife, Elizabeth Jackson, I do hereby ratify and confirm said deed as fully and completely as if I had signed it at the time of execution.

"In testimony whereof, I have hereunto set my hand and seal this the 19th day of March, A. D. 1885.

    (Signed)               " ISHAM JACKSON. [SEAL.]"

  " Signed, sealed and delivered in presence of us.

    " J. W. SMITH, T. L. JACKSON, M. L. PAYNE."

" STATE OF FLORIDA, }
  " Alachua county. }

  " Know all men by these presents that Isham Jackson

came before me, in person, and acknowledged that he executed the foregoing instrument of writing for the purposes therein set forth.

" Witness my hand and official seal, this the 19th day of March, 1885.

      (Signed)               " J. W. SMITH,  [SEAL.]
                                  Notary Public."

The plaintiff also offered in evidence a paper writing by Elizabeth Jackson, made March 19, 1885, before a justice of the peace, purporting to be an acknowledgment by her of her deed to Carn, of 20th of Sept., 1880.

Both of these instruments were made long after the commencement of the suit by the appellant.

The defendants offered in evidence a tax deed from the town of Ocala, to B. F. Priest, a former husband of the defendant, Julia Haisley, made 27th of July, 1875. To the introduction of this deed the plaintiff objected and his objection was sustained. The defendants then offered the said deed in evidence as color of title, to which the plaintiff objected, on the ground " that said deed was void on its face, and was not admissible as color of title."

The court overruled the objection, and permitted the defendants to introduce said deed as evidence in their behalf.

The appellant assigns as error the refusal of the court to admit in evidence the paper executed by Isham Jackson, March 19th, 1885, and the acknowledgment of Elizabeth Jackson, of same date, of her deed of September 20th, 1880, also the admission by the court of the tax deed to Priest.

The appellant further assigns as error the refusal of the court to grant a new trial, on the grounds that the verdict was, first, contrary to the evidence, and second, contrary to law.

There was no error in refusing to permit the paper executed by Isham Jackson, to go to the jury. It was intended as a ratification and confirmation on the day of its execution of an alleged deed by his wife, Elizabeth Jackson, to Carn, on 20th of September, 1880. It was not in compliance with the statute, (McC.'s Dig., p. 755, sec. 6,) which provides that the real estate of the wife shall only be conveyed by the joint deed of the husband and wife. It was not a joint deed, and, in fact, not a deed at all. It was also properly excluded, for the reason that it was made after the commencement of the suit by Carn for the recovery of the property.

There was no error in excluding from the jury the paper purporting to be an acknowledgment by Elizabeth Jackson of the alleged deed by her, of September 20th, to Carn. There was no joint deed by her and her husband shown by the evidence to which such an acknowledgment could apply, and it was made after the commencement of the suit. In Hollingsworth vs. Flint, 101 U. S., 591, in a case precisely similar, the court says: "Her interest in the land, if any she had, was her separate estate, of which she could not, under the laws of Texas, be divested, except by the conveyance of herself and husband, and after a privy examination before the proper officer. Such examination had not taken place when this action was commenced. The plaintiff could not avail himself of a title acquired, or which did not subsist in him until after he commenced suit. The title at the beginning of the action was the question to be tried." See, also, Jones vs. Lofton, 16 Fla., 189.

The third error assigned is that the court erred in admitting in evidence, as color of title on the part of defendant, the tax deed to B. F. Priest. Plaintiff's objection was based on the special ground that it could not operate as color if title of it was a void deed.

The defendants, under our statute, (McC.'s Dig., p. 732, sec. 6,) had a right to introduce the tax deed—they claiming a title founded upon it—as a basis for the defence of adverse possession, and for the introduction of evidence of the different kinds of use of the land which the statute enacts shall be deemed to be possession and occupation. If it was a written instrument and defendants claimed title founded on it, the expressed requirements of the statute were complied with, so far as the paper was concerned. Whether the instrument conveys a title, or is invalid, is immaterial. Sanford vs. Cloud, 17 Fla., 557.

The last error assigned is the refusal of the court to grant a new trial, on the grounds that the verdict was contrary to evidence and the law. It is sufficient to say that the appellant's evidence consisted alone of an instrument in writing, not under seal, made to him by a person who deraigned no title from any source, and who was never in possession of the land. Naked possession of the defendant was the superior right. There is no error in the record, and the judgment is affirmed.