OWEN BURNS, *Plaintiff in Error,* vs. MARY HELEN MCDANIEL, joined by her husband, ARDEN B. MCDANIEL, and MARY WALSH, in their own rights, and MARY HELEN MCDANIEL, joined by her husband, ARDEN B. MCDANIEL, and MARY WALSH, for the use and benefit of R. W. RANDELL, and GRACE MARY WALSH in her own rights, and GRACE MARY WALSH as Trustee for ADA WALSH, and the MARYLAND TRUST COMPANY, as Trustee for the said MARY HELEN MCDANIEL, *Defendants in Error.*

140 So. 314.

En Banc.

Opinion filed March 22, 1932.

Petition for rehearing denied April 23, 1932.

*Marion B. Jennings,* Attorney for Plaintiff in Error; *Treadwell* and *Treadwell,* for Defendants in Error.

DAVIS, Commissioner.—This is a case in which the defendants in error brought an action of ejectment for the recovery of certain property described as follows:

"All of that tract of land described as a projection of lots 2 and 4 of Block 1-B according to the original plat of the Town of Sarasota, Florida, projecting into the street known and described on said plat as First

Street, which said tract is bounded on the easterly side by Orange Avenue and on the westerly side by Pineapple Avenue and on the north side by said lots 2 and 4 and on the south side by the center of said First Street, the said center of First Street being a distance of sixty feet from the southern boundary of said lots 2 and 4, in Sarasota County, Florida.''

The defendant pleaded to the declaration as follows:

1—That he is not guilty.

2—That at the time of the institution of this suit the plaintiffs did not have title to the lands sought to be recovered.

3—That the plaintiffs have acquired their title to the lands sought to be recovered, if any they have, since the institution of this suit.

4—That he is not in possession of any lands shown by the original plat of the Town of Sarasota, Florida, projecting sixty feet from the south boundary of lots 2 and 4 of Block 1-B into what is known as First Street according to said plat.

5—Defendant denies that he is in possession of any tract of land described according to the original plat of the Town of Sarasota as a projection of lots 2 and 4 of Block 1-B.

Upon the completion of the testimony, the Court directed a verdict for the plaintiffs. A motion for a new trial was made by the defendant and denied by the court. From the final judgment, the defendant has brought the case here for review by writ of error. The plaintiff in error has assigned as error the ruling of the court on the motion for a new trial, which is predicated upon twenty grounds, among them being that the evidence does not support the verdict, that the verdict is contrary to the evidence and contrary to the law.

A plaintiff in ejectment must recover on the strength of his own title and defendant may rest on mere denial of plaintiff's asserted title. Monfee vs. Hagan, 79 So. 189; Skinner Mfg. Co. vs. Wright, 47 So. 931, 56 Fla. 561; Florida Finance Company vs. Sheffield, 48 So. 42, 56

Fla. 285, 23 L. R. A. (N. S.) 1102, 16 Ann. Cas. 1142; Clark vs. Cockran, 85 So. 250, 79 Fla. 788; Phillips vs. Lowenstein, 107 So. 350, 91 Fla. 89; Harris vs. Butler, 52 Fla. 253, 42 So. 186; Burch vs. High Springs Bank, 81 Fla. 450, 89 So. 121; Burt vs. Florida So. Ry. Co., 43 Fla. 339, 31 So. 265; Jones vs. Loftin, 16 Fla. 189.

Where plaintiff undertakes to show title in himself, he must deraign title from an original source, or from one having possession and the right to convey title. (Skinner Mfg. Co. vs. Wright, supra), and for him to recover in ejectment, he must show legal title at the time of beginning of suit. Jones vs. Loftin, 16 Fla. 189.

The plaintiffs to maintain the issues on their behalf, offered in evidence a patent from the United States to Albert E. Willard, conveying to him *lot* number *one,* of Section 19, Tp. 36 South, R. 18 East as the basis of their title. Willard conveyed to John J. Dunn, and Dunn to Florida Mortgage and Investment Company, Limited. The next deed appearing in the chain of title appears to be from said Company by its Liquidator to one Bromly. This deed purports to transfer the title to Lots 1, 2, 3, 4 and 5 of Block 1-B of the registered plat of Sarasota, Fla., making no reference to Lot number One, Sec. 19, Tp. 36 S. R. 18 East. The grantee of Bromly conveyed to Mary Walsh the following:

"Beginning at the southeast corner of Lot Four (4) of Block 1-B of the registered plat of the Town of Sarasota, Florida, thence running North along Orange Avenue fifty (5) feet; thence West across Lots Two (2) and Four (4) of said Block 1-B to the westerly side of Lot Two (2); thence in a southeasterly direction along the side of said Lot Two (2) to southwest corner of said Lot Two (2); thence East along south side of said Lots Two (2) and Four (4) to point of beginning. Said lots lying and situate in Section 19, Township 36 South Range 18 East."

and it is this last described parcel to which plaintiffs

claim title. There is nothing before us to show that any of the plaintiff's grantors were ever in possession of the *locus in quo*. If it has been shown that the property involved here is a part of *Lot Number One* of Section 19 Tp. 36 South Range 18 East, there was before the jury an unbroken chain of title thereto from the United States to the plaintiffs. Presumably for the purpose of identifying the land in question as being covered by the description of the said *Lot Number One,* the plaintiffs offered in evidence a certified copy of the original plat of the City of Sarasota as recorded in Plat Book "O", p. 29.

Near the center of this plat appears the figure "19" but nothing else to identify it as "Section Nineteen". Near the middle of the upper margin of the plat appears "R 18 E", and near the middle of the right hand margin appears "T 36 S". There is nothing on the plat by which we may locate the position of Government *Lot* Number *One* in Sec. 19 Tp. 36 South Range 18 East. If we assume that the figures and letters that we have referred to as appearing upon the plat mean that the plat covers the land embraced in Section nineteen, Tp. 36 South Range 18 East, we know of course that "the land embraced in the description of government *Lot* number *One*" of said Section, Township and Range, could be shown upon the plat, because the said Lot is in that Section but without lines, figures, words or marks to identify it, we are unable to see how the jury or any one else could say, from an inspection of the plat and deeds in evidence, that the land involved in this litigation is a part of *Lot One* of said Section Nineteen. The plaintiffs, however, produced as a witness for the purpose of locating the said parcel of land, one *Kimbell,* an engineer, but they only showed by him that the parcel of land in dispute is in Section 19, Township 36 South Range 18 East, and no attempt was made by him to point out on

the plat the location of Government *"Lot* Number *One"* in said Section. There was nothing else before the jury to show that the disputed land was a part of said Lot One, and that being the case, the plaintiffs failed to trace their title back to the government, and because of that, the verdict was not supported by the evidence, and the denial of the motion for a new trial, upon that ground, if none other, was erroneous, and for this error there must be a reversal of the judgment of the lower court. Other questions have been raised in this case, which we will settle, inasmuch as there is to be another trial in the lower court.

The land in question lies between Orange and Pineapple Avenues, in Sarasota and comes to a point 120 Feet South of the south boundary of said Lots Two and Four, as shown by the plat of the town. Between the South boundary line of said lots and said point, the plat shows a vacant space without lines to show its extent or area, but immediately below the said boundary line appears the legend "1st S". The defendants in error claim title to a line drawn parallel to and 60 feet South of the south boundary line of said lots Two and Four on the theory that they are the abutting owners of property on 1st Street and that said triangular vacant space, the base of which appears to be only 58.1 feet long is on 1st Street. The plaintiff contends that the original plat of the town of Sarasota does not clearly indicate a street known as First Street, and though it does, there was no evidence before the court to show a "surrender" of said street by the town of Sarasota.

We have held here that in the absence of evidence to the contrary, an abutting lot owner is presumed to own the same to the center of the street. Rawls vs. Tallahassee Hotel Co., 43 Fla. 288, 31 So. 237. But the rights of

ownership are subject to the right of passage common to all citizens. Smith vs. Horn, 70 Fla. 484, 70 So. 435.

Various definitions have been given to the word "Street". The Supreme Court of Alabama has said that a street "is nothing but a road in a city, town or village, having houses and town lots on one or both sides." Commissioners Court vs. Troy, 173 Ala. 442, 56 So. 131, 274 Ann. Cas. 1914 A 771, 773. See also, United States vs. Bain, 24 Fed. Cas. 940. In 44 C. J. 883, the authors say: "A street is a public way from side to side, and from end to end. Whether a way is public or private is determined by the right of the public to use it and not by its size, or the number of persons who may choose to exercise the right." The Supreme Court of Illinois in Carlin vs. Chicago, 262 Ill. 564, 104 N. E. 905, Ann. Cas. 1915 B 213, 215, says:

"The word 'street' is a generic term, and includes all urban ways which can be, and are generally, used for ordinary purposes of travel. It is a highway free to all, and maintained not for private gain but public benefit. (Elliott on Roads, and Streets, 12; see 7 Words and Phrases, title 'Street.') The word 'street' may include a bridge which is a part of it; (Langlois vs. Cohoes, 58 Hun. 226, 11 N. Y. S. 908; Floyd County v. Rome St. R. Co., 77 Ga. 614, 3 S. E. 3;) and a mere cul de sac.,—that is, a street open at one end, only,—is included in the general term 'street.'"

\*   \*   \*   \*   \*   \*   \*   \*   \*

"While the word 'street' would include a mere private way, it does include all the public roads or ways within the municipality over which it has jurisdiction and as to which it owes the public the duty of (567) exercising reasonable care to keep and maintain them in a reasonably safe condition for public use. The word 'place' has several meanings. In its primary and most general sense it means locality, situation, or site, and it is also often used to designate an occupied situation or building or an estate. The third definition given by the Standard Dictionary is: 'An open space or square

in a city; also, a court or street; especially a short or subordinate street, as a market place, Astor place, etc.' It is in this last sense the word 'place' is used in the amended declaration. The word 'place' means simply a particular kind of street, but it is included within the generic term 'street.' "

We are in harmony with and approve the statement of the Illinois Court. The said plat evidences an intention of the subdivider of the property embraced in the town of Sarasota (if he owned it) to dedicate to the public the triangular open space south of said lots Two and Four, Block 1-B and between Orange and Pineapple Avenues, and whether such open space was designated First Street or "Place" is immaterial, since the terms are synonymous. The act of platting of the land and selling lots, by the proprietor, *so far as the public is concerned* amounted to an offer to dedicate First Street, which upon acceptance, (if it was accepted) before revocation, resulted in a complete dedication (City of Miami vs. F. E. C. Ry. Co., 79 Fla. 539, 84 So. 726), and the title of the owner became burdened with an easement in the public. But we have no evidence before us that the offer of dedication was ever accepted. Acceptance of an offer to dedicate to the public, lands for streets, alleys or parks, is not presumed, but must be clearly proved, and in the instant case the burden was on the defendant to show that there was an acceptance of the offer to dedicate First Street. City of Miami vs. F. E. C. Ry. Co., supra; Kirkland vs. Tampa, 75 Fla. 271, 78 So. 17. If there was no acceptance of the offer of dedication, the Town or City of Sarasota had nothing to "surrender."

The rights of purchasers of lots other than said lots two and four are not involved here. If the purchaser of said lots two and four acquired a good title thereto, their ownership extended to a line sixty feet South of the south boundary line of said lots as shown by the plat,

and if the offer of dedication was never accepted, or if accepted and lawfully surrendered, the holder of the title to the abutting property and to the said sixty-foot strip in First Street, has title to the property relieved of the easement so far as the public is concerned. Smith vs. Horne, 70 Fla. 484, 70 So. 435, and authorities therein cited. If, on the other hand, it should develop upon another trial of the case, that the offer of dedication was accepted and that there had been no lawful surrender of the Street, a question would then arise as to the right of the abutting owners to recover in an ejectment suit the *locus in quo* and mesne profits. But we have no such case before us now, and therefore refrain from deciding that point. See, however, Bozeman vs. City of St. Petersburg, et al., 74 Fla. 336, 76 So. 894, and authorities therein cited.

The defendants offered, and the court admitted in evidence, a certified copy of a judgment (including the verdict) in an ejectment suit between the defendants in error herein and one Dr. William F. Schultz, wherein the title to the South 50 feet of said Lots 2 and 4, in Block 1-B was adjudged to be in the plaintiffs (defendants in error here) the said judgment being dated January 27th, 1930, and also a tax deed conveying the property described in the said judgment to the Dr. Wm. F. Schultz, and later the Court voluntarily struck said instruments from the testimony, to which ruling exception was noted. The court committed no error in striking these instruments.

The judgment is reversed and the cause is remanded for a new trial.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its Opinion, it is considered, ordered, and ad-

judged by the Court that the judgment of the Court below be, and the same is hereby, reversed and the cause is remanded for a new trial.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.