CARROLL, Judge.
Appellee, plaintiff below, while standing near a lunch truck in. a street end or extension located in a harbor dock area, was struck and injured by a small motor operated vehicle referred to as a “tow-motor.” The vehicle was owned by the corporate defendant and operated by the individual defendant with the former’s knowledge and consent. A jury trial resulted in a verdict and judgment for plain *552 tiff for $7,500. .On appeal it is contended that the dangerous instrumentality doctrine as referable to motor vehicles[1] was not applicable because the vehicle involved was not licensed and because the accident did not occur on a publicly maintained street or thoroughfare. Further, appellants contended that it was error to refuse a requested recess to await an absent doctor-witness, the court appointed physician. On consideration of the record, arguments and briefs we uphold and affirm the judgment.
On the evidence, the jury was entitled to find that the injury occurred on a public street or highway maintained by the city for vehicular and pedestrian trafile,[2] and that the “tow-motor” was a motor vehicle. On those facts the dangerous instrumentality doctrine was properly applied. An owner or driver may not escape liability for negligent operation of a motor vehicle on a public street or highway because the required licensing of the vehicle has been omitted.[3]
 The request for a recess or delay in the course of the trial because of the non-appearance of the doctor witness, who previously had been subpoenaed and informed of the time of trial, was a matter which rested in the sound discretion of the trial judge. The facts in the instant case differ from those in the case relied on by appellant,[4] in which a refusal to recess was held to be an abuse of discretion. There the requested delay was from one afternoon until the next morning at which time it was known the doctor would be available. In that case the doctor was absent because it was necessary for him to remain with a patient in labor, at the place where he resided which was 30 miles from the place of trial. Here the doctor, who lived and practiced in Miami where the trial was held, had gone to Jamaica and had not returned. The record does not reflect the reason for the doctor’s absence, nor was it disclosed with any certainty just when he would return. In the circumstances presented the denial of the request for delay in the trial was not shown to be an abuse of judicial discretion.
Affirmed.

. For statements and discussion of the doctrine see Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 075, L.R.A.1917E, 715; Lynch v. Walker, 159 Fla. 188, 31 So.2d 268.

. As to what constitutes a public street, see Burns v. McDaniel, 104 Fla. 526, 140 So. 314, 316; 16 Fla.Jur., Highways, Streets and Bridges, § 2. See also, Singleton v. City of Jacksonville, Fla.App.1958, 107 So.2d 47, 49.

. See sections 320.01(1), (11), 320.02, Fla.Stat., F.S.A.

. Herbert v. Garner, Fla.1955, 78 So.2d 727.