QUESTION: Does "point of origin," as used in s. 112.061(7)(d)2., F.S., mean the city in which the traveler resides, or the city which is his or her official headquarters in computing mileage allowances?
SUMMARY: In computing travel expenses allowable under s. 112.061, F.S., the mileage allowance should be computed on the basis of the distance from the point of origin city to the city of destination, if possible by using the mileage shown on the official map of the Department of Transportation, without regard to the point within the city from which the official begins his or her trip. If travel to a city other than the official headquarters commences from the city in which the traveler resides, when this is different from his or her official headquarters, then mileage should be computed on the basis of the shorter distance to the point of destination. Except for "vicinity mileage" allowable in a proper case under s. 112.061(7)(d)2., F.S., mileage allowances or expenses are reimbursable only for travel away from the officer's or employee's "official headquarters," i.e., the city or town in which the office to which the officer or employee is assigned is located, and not from the officer's or employee's home to his official headquarters. Attorney General Opinion 074-132. Thus, "point of origin," as uniformly administratively construed, ordinarily refers to the official headquarters of the officer or employee, i.e., the city to which he is assigned. Section112.061(4), F.S.; cf. s. 112.061(5)(a), F.S. However, it has long been the administrative practice and the opinion of this office, e.q., see AGO's 074-132, 072-20, and 064-21, that when an officer or employee has his official headquarters in one city but resides in another, reimbursable travel mileage should be computed on the basis of the shorter distance when he travels directly from his home to the place where the official duties are to be performed, when that place is other than his official headquarters. For example, in the case you describe — an employee who resides in Daytona Beach but has his official headquarters in DeLand — the point of origin of travel on official business for purposes of mileage allowances from the employee's home in Daytona Beach to Orlando would be DeLand, rather than Daytona Beach, as it is a shorter distance from DeLand to Orlando than from Daytona Beach to Orlando. Conversely, mileage for travel to St. Augustine or to New Smyrna Beach would be computed on the distance from Daytona Beach to those cities, as the shorter distance is from Daytona Beach. Subparagraph (7)(d)2. of s. 112.061, supra, provides that "[a]ll mileage shall be shown from point of origin to point of destination and when possible shall be computed on the basis of the current map of the Department of Transportation. . . ." The term point of origin is not legislatively defined in s.112.061(2), F.S., for the purposes of s. 112.061, F.S., and neither is "point of destination." It is important to note that "point" is the key word, "origin" and "destination" being merely modifiers. One definition of "point" in Webster's Third New International Dictionary is "a narrowly localized abstract spot used as a place of reference; a particular place (as a city, town, or region); locality." See also 32A Words and Phrases, for point of origin, point of production, point to point tariff rates. Under Webster's definition, point is synonymous with place. "Place" is defined in its primary and most general sense as "locality, situation, or site." Black's Law Dictionary (Rev'd 4th ed.); Burns v. McDaniel, 140 So. 314 (Fla. 1932); Indian Rocks Beach South Shore v. Ewell, 59 So.2d 647 (Fla. 1952). And it is a wellsettled rule of statutory construction that words of common usage, when used in a statute, should be given their plain and ordinary meaning. Pedersen v. Green, 105 So.2d 1 (Fla. 1958); Gasson v. Gay, 49 So.2d 525 (Fla. 1951). Therefore, in the sense used in s.112.061(7)(d)2., point of origin would seem to mean the place or the geographical spot from which the travel for mileage allowance purposes commences or originates. It has uniformly been so interpreted, administratively. As noted in AGO 072-20, This provision has uniformly been interpreted, administratively, as requiring the mileage to be computed on the basis of the distance from the headquarters city to the city of destination, as shown on the official map of the Department of Transportation, without regard to the point within the city from which the official begins his trip. In sum: s. 112.061(7)(d)2., F.S., simply requires that the mileage be shown on the travel expense voucher from that locality or place from which the official travel commenced — ordinarily the headquarters city — to the city or locality of destination, the mileage being computed without regard to the point within such headquarters city from which the travel commenced and, when possible, computed on the basis of the current map of the Department of Transportation. As hereinabove discussed, if authorized travel actually originates from the city in which the traveler resides rather than from his or her official headquarters, when the two are different, then the mileage should be computed on the basis of the shorter distance, whether that is the distance actually traveled from the city of residence, or the constructive distance, i.e., from his or her headquarters city to the point of destination.