## REYNOLDS v STATE OF FLORIDA
### Case No. CJAP 86-9

Ninth Judicial Circuit, Orange County

September 30, 1986

### APPEARANCES OF COUNSEL

**John H. Bill,** Assistant Public Defender, for appellant.

**Manuel Penton** and **Natasha Williams,** Assistant State Attorneys, for appellee.

### OPINION OF THE COURT

THOMAS S. KIRK, Circuit Judge.

### *AMENDED ORDER AND OPINION*

Appellant was arrested on November 25, 1985, in the parking lot of the McCoy Shopping Center in Orlando, Florida. The McCoy Shopping Center is a privately owned "Strip Mall." Appellant was cited for a violation of Chapter 322.03, "No Valid Drivers License." The traffic stop was made while the Appellant's car was still in the shopping mall.

Two issues were presented for appeal. The first issue is whether the offense of 322.03, "No Valid Drivers License" applies to violations committed on private property as well as public property. The second issue is whether a "shopping mall" can be considered "quasi-public" for purposes of enforcement of the statute.

In 1981, the Florida Legislature amended Florida Statute 322.01 "Definitions." The law now reads: (10) "streets and highways": The entire width between the boundary lines of every way or place of whatever nature when any part thereof is open to the use of the public for purposes of vehicular travel." Amended by Laws 1981 (81-188 § 1, effective October 1, 1981).

The Legislature substituted in the definition "street or highway" the words "or place of whatever nature" for "publicly maintained."

The pertinent section of Florida Statute 322.03 "Operators and Chauffeurs must be licensed" reads: 1) No person except a person hereinafter expressly exempted, shall drive any motor vehicle upon a highway in this state unless such a person has a valid drivers license under the provisions of this Chapter.

The word "highway" has traditionally been understood to mean a "public thoroughfare." Twenty-nine (29) Florida Jur. 2d, 39 Am Jur. 2d, Black's Law Dictionary, Revised 4th Edition. *Borenda v. Southern Michigan Telephone 10*, 182 Mich. 646, 148 N.W. 697,710. The word "street" also connotes a "public" way. *Burns v. McDaniel*, 104 Florida, 526, 140 So. 314 (1932). The long held definitions contradict the current use of these terms by the Legislature. "Any doubt or ambiguity in the provisions of the criminal statutes should be resolved in favor of citizen, life and liberty." *City v. Leesburg v. Ware*, 153 So. 87.

The Legislature could have just as easily amended the statute from "way or place of whatever nature" to "every way or place both public and private." Since this was not done, no clear intent to encompass private property can be inferred.

The Florida Legislature amended the Driving Under the Influence Statute 316.1931 (Chapter 84-359) to read:

1) It is unlawful for any person, while in an intoxicated condition or under the influence of alcoholic beverages any chemical set forth in Statute 877.111, or any substance controlled in Chapter 893 to such extent as to deprive him of full possession of his normal faculties, to drive, be in actual physical control of, or operate *within* this State any automobile, truck, motorcycle, or other vehicle.

In *Zink v. State*, 448 So.2d 1196 (1984), the Florida Supreme Court

110

construed the amendment to proscribe operation of a motor vehicle under the influence on private as well as public property. The Supreme Court said the phrase "within the State" is not ambiguous and very lucidly indicates the Legislature's desire to encompass all lands "within the State." "As the Circuit Judge expressed in his Order, it is not objectionable that the Florida Legislature has chosen to apply the statutory prohibition against driving under the influence of alcohol more broadly throughout the state than certain other prohibitions contained in Chapter 316." at Page 1197.

Chapter 316 and 322, the pertinent statute in consideration here, uses identical definitions for "street and highways."

The real Legislative intent in amending the statute was to proscribe these activities on private property and to resolve any prior confusion in interpretation of the statute by deleting the words "over the highways, streets, or thoroughfares of." This amounts to substantial evidence that the Legislature considered the words "highways, street or thoroughfares" to be applicable to public property. If the Legislature used the phrase "within the State" to be inclusive of driving on private property, then they could have just as easily used the identical unambiguous language if they had intended to prohibit similar behavior in Chapter 316. It is sound principle of statutory construction that "The Court, whenever possible, must construe statutes so that they operate in harmony with each other." *District School Board of Lake County v. Talmadge*, 381 So. 2d 698.

The Court, as finder of fact holds that "shopping malls," constitute private property, and are not quasi-public as the state alleges. Florida Statutes 322.01 "Definitions," and 317.03 "Operators and Chauffeurs Must be Licensed," when read "in para materia" with Florida Statute 316.1931 "Driving Under the Influence", suggest that the Legislature did not consider the definitions of "streets or highways" to encompass private property. Further, any ambiguity must be read in a light most favorable to the criminal Defendant. The Defendant's conviction is therefore

*REVERSED.*

Orlando, Orange County, Florida, September 30, 1986.