559 So.2d 107 (1990)
Douglas A. HARDING and Janet E. Harding, His Wife, Appellants,
v.
ALLEN-LAUX, INC., d/b/a Taylor Rental Center, Charles Hilyer, d/b/a Hilyer Sod Farms, and Alice Albritton, Appellees.
No. 89-01406.
District Court of Appeal of Florida, Second District.
April 4, 1990.
Kevin P. Bailey of Hill & Ponton, P.A., Orlando, for appellants.
Victoria H. Pflug and Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellees.
ALTENBERND, Judge.
The plaintiffs, Mr. and Mrs. Harding, appeal a final summary judgment in favor of one defendant, Allen-Laux, Inc., d/b/a Taylor Rental Center. The summary judgment determined that Taylor Rental could *108 not be liable under the dangerous instrumentality doctrine for injuries caused by a forklift which was owned by Taylor Rental and operated by a lessee's employee on a public highway. We reverse and hold that this forklift is a dangerous instrumentality under the facts of this case.
On October 8, 1986, Mr. Harding was driving his car when he was involved in a two-vehicle collision on State Road 43 in Manatee County, Florida. The other vehicle was a 16,000-pound forklift, or "liftit," with tires similar to tractor tires. Alice Albritton was operating the forklift. She was employed as a crew chief and forklift driver by Charles Hilyer, d/b/a Hilyer Sod Farms. Hilyer Sod was installing sod along the edge of the state road. In order to install the sod, Hilyer Sod had a sizable crew, including several persons to direct traffic. The forklift was used to move pallets of sod at the job site. Thus, the forklift was often operated on the roadway in this work zone.
Hilyer Sod did not own the forklift. Hilyer Sod rented the vehicle from Taylor Rental Center, which was in the business of renting construction equipment. Taylor Rental did not provide the driver, and thus knew that an employee of Hilyer Sod would necessarily operate the forklift.
If an owner of a golf cart is liable under Florida's dangerous instrumentality doctrine for the golf cart's operation on a golf course by a lessee, Meister v. Fisher, 462 So.2d 1071 (Fla. 1984), surely the owner of this larger, four-wheel vehicle with protruding steel tusks is liable under this doctrine for its operation on a public highway by a lessee. The courts of Florida have applied this doctrine to other types of heavy equipment on job sites. Scott & Jobalia Constr. Co. v. Halifax Paving, Inc., 538 So.2d 76 (Fla. 5th DCA), jurisdiction accepted, 544 So.2d 199 (Fla. 1989) (crane); Eagle Stevedores, Inc. v. Thomas, 145 So.2d 551 (Fla. 3d DCA 1962) (tow motor).
In a strict construction of a criminal statute, this court has held that a backhoe is not a conveyance because it is "special mobile equipment" and not a "motor vehicle" within the definitions of chapter 316 of the Florida Statutes concerning traffic control. M.J.S. v. State, 453 So.2d 870 (Fla. 2d DCA 1984). See §§ 316.003(21), 316.003(49), Fla. Stat. (1985). Assuming that this forklift is "special mobile equipment" for the purposes of chapter 316, it is still unquestionably a large vehicle powered by a motor and requiring skilled operation.
The legal rules of liability for the authorized use of peculiarly dangerous instrumentalities are especially applicable to the negligent operation on the public highways of motor vehicles whose weight, speed, and mechanism render the negligent or inefficient use of them perilous to the public, who have a right to travel the highways without being subjected to undue dangers of injury by others.
Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 450, 86 So. 629, 638 (1920) (on petition for rehearing). See also Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 975 (1917).
For the purposes of the judicially created dangerous instrumentality doctrine, the various definitions of "motor vehicle" within the Florida Statutes are not dispositive. The doctrine is not necessarily invoked by any statutory definition of motor vehicle. Instead, it is invoked by a judicial decision that "an instrumentality of known qualities is so peculiarly dangerous in its operation as to" justify the doctrine. Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 450, 86 So. 629, 638 (1920) (on petition for rehearing).
Reversed and remanded.
PARKER, A.C.J., and PATTERSON, J., concur.