ROBERTS, J.
 

 The appellant, James Earl Rippy, appeals a final order granting a motion to dismiss his complaint against the appellee, James Shepard. The issue below and in the instant case is whether a farm tractor is a dangerous instrumentality. We find that it is not and affirm the order of dismissal.
 

 Because the issue of whether a farm tractor is a dangerous instrumentality is one of law, we review the issue
 
 de novo. See Emerald Corr. Mgmt. v. Bay County Bd. of County Comm’rs,
 
 955 So.2d 647, 651 (Fla. 1st DCA 2007).
 

 The dangerous instrumentality doctrine finds its roots in the law of master and servant, and principal and agent.
 
 Canull v. Hodges, 584
 
 So.2d 1095, 1097 (Fla. 1st DCA 1991). “The master who entrusts a servant with a dangerous agency ... is liable for any injury occasioned by its negligent use.”
 
 Id.
 
 The doctrine states that “the owner of an instrumentality which [has] the capability of causing death or destruction should in justice answer for misuse of this instrumentality by anyone operating it with his knowledge and consent.”
 
 Meister v. Fisher,
 
 462 So.2d 1071, 1072 (Fla.1984). In Florida, the doctrine is invoked only by a judicial decision that “an instrumentality of known qualities is so peculiarly dangerous in its operation” as to justify the doctrine.
 
 Canull,
 
 584 So.2d at 1097. In 1920, the doctrine was extended to include automobiles.
 
 See S. Cotton Oil Co. v. Anderson,
 
 80 Fla. 441, 86 So. 629 (1920). In doing so, the court reasoned:
 

 The principles of common law do not permit the owner of an instrumentality that is not dangerous per se, but is peculiarly dangerous in its operation, to authorize another to use such instrumentality on the public highways without imposing upon such owner liability for negligent use. The liability grows out of the obligation of the owner to have the vehicle, that is not inherently dangerous per se, but peculiarly dangerous in its use, properly operated when it is by his authority on the public highway.
 

 Anderson v. S. Cotton Oil Co.,
 
 73 Fla. 432, 74 So. 975, 978 (1917). Therefore, the doctrine “imposes strict vicarious liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another.”
 
 Aurbach v. Gallina,
 
 753 So.2d 60, 62 (Fla.2000).
 

 The appellant argues that a farm tractor is a dangerous instrumentality because the legislature defines a farm tractor as a “motor vehicle” and extensively regulates their use. This argument is without merit. Although a farm tractor meets the statutory definition of a “motor vehicle,” at least three of our sister courts have held that statutory definitions of “motor vehicle” are not controlling in determining whether a device is a dangerous instrumentality.
 
 See
 
 §§ 316.003(12) & 322.01(19), Fla. Stat. (2008);
 
 Festival Fun Parks, LLC v. Gooch,
 
 904 So.2d 542, 545-46 (Fla. 4th DCA 2005) (holding that the statutory definition of motor vehicle is not controlling);
 
 Edwards v. ABC Transp. Co.,
 
 616 So.2d 142, 143 (Fla. 5th DCA 1993) (holding that a trailer is not a dangerous
 
 *923
 
 instrumentality notwithstanding the fact that it meets the statutory definition of a motor vehicle);
 
 Harding v. Allen-Laux, Inc.,
 
 559 So.2d 107, 108 (Fla. 2d DCA 1990) (holding that, although it does not meet the statutory definition of a motor vehicle, a forklift is a dangerous instrumentality).
 

 Moreover, farm tractors are not extensively regulated by the legislature.
 
 Cf. S. Cotton Oil Co.,
 
 80 Fla. at 456, 86 So. at 634 (“It is idle to say that the Legislature imposed all these restraints, regulations, and restrictions upon the use of automobiles, if they were not dangerous agencies which the Legislature felt it was its duty to regulate and restrain for the protection of the public.”). The only requirements for operating a farm tractor on a public highway is that it be outfitted with lights, reflectors, slow moving emblems, and proper tires.
 
 See
 
 316.2295, Fla. Stat. (2008) (a farm tractor operating on a public roadway shall have lights, reflectors, and slow moving emblems); 320.51, Fla. Stat. (2008) (a farm tractor shall have proper tires). In fact, farm tractors are exempt from most motor vehicle regulations.
 
 See
 
 320.51, Fla. Stat. (2008) (exempting farm tractors from motor vehicle registration, payment of license taxes, and display of license plate); 322.04, Fla. Stat. (2008) (exempting person temporarily operating a farm tractor on a public highway from obtaining a drivers license); 316.215, Fla. Stat. (2008) (exempting farm tractors from safety regulations); 450.061, Fla. Stat. (2008) (allowing 14 and 15 year olds to drive farm tractors for work); 316.614, Fla. Stat. (2008) (exempting farm tractors from Florida’s Safety Belt Law); 316.613, Fla. Stat. (2008) (exempting farm tractors from child restraint requirements); 316.239, Fla. Stat. (2008) (allowing farm tractors to have only one beam of light projecting from the front of the farm tractor instead of two).
 

 The appellant also argues that a farm tractor is a dangerous instrumentality because it is of such size and character as to be peculiarly dangerous in its operation. This argument is also without merit. In a case dealing with similar machinery, this Court held that a road grader
 
 [1]
 
 is not a dangerous instrumentality.
 
 Canull,
 
 584 So.2d .at 1098. Farm tractors, like road graders, are neither used as a mode of transportation nor routinely operated in public places as to pose a sufficient danger to the public.
 

 Accordingly, we hold that a farm tractor is not a dangerous instrumentality.
 

 AFFIRMED.
 

 ALLEN and PADOVANO, JJ., concur.
 

 [1]
 

 . Road graders are tractors with a large blade used to create a flat surface.