LEVINE, J.
 

 The issue presented in this appeal is whether an all-terrain vehicle (“ATV”) is a “dangerous instrumentality” under Florida’s tort law. Because the trial court did not compile
 
 an
 
 adequate factual record, we cannot reach this issue. Instead, we reverse the judgment of the trial court and remand for an evidentiary hearing.
 

 The dangerous instrumentality doctrine “imposes strict vicarious liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another.”
 
 Aurbach v. Gallina,
 
 753 So.2d 60, 62 (Fla.2000). “Operation of a vehicle falls within the strict liability doctrine because a vehicle is dangerous to others when used for its ‘designed purpose.’”
 
 Burch v. Sun State Ford, Inc.,
 
 864 So.2d 466, 472 (Fla. 5th DCA 2004) (citation omitted). The doctrine is historically a creation of the courts, not the Legislature, and may be invoked or extended where “ ‘an instrumentality of known qualities is so peculiarly dangerous in its operation as to’ justify the doctrine.”
 
 Harding v. Allen-Laux, Inc.,
 
 559 So.2d 107, 108 (Fla. 2d DCA 1990) (quoting
 
 S. Cotton Oil Co. v. Anderson,
 
 80 Fla. 441, 86 So. 629, 638 (1920)). “Florida is unique in
 
 *1105
 
 that it is the only state to have adopted this rule by judicial decree.”
 
 Festival Fun Parks, LLC v. Gooch,
 
 904 So.2d 542, 544 (Fla. 4th DCA 2005).
 
 [1]
 

 In
 
 Meister v. Fisher,
 
 462 So.2d 1071 (Fla.1984), the Florida Supreme Court held that a golf cart was a dangerous instrumentality. In reaching that decision, the court pointed to three different justifications for the decision: golf carts fit the statutory definition of “motor vehicle”; golf carts were extensively regulated by statute; and record evidence regarding the causes and consequences of golf cart accidents. The court justified expansion of the dangerous instrumentality doctrine based on a review of the record before them:
 

 As the district court itself noted, Florida’s tremendous tourist and retirement communities make golf carts and golf courses extremely prevalent in this state. And there is evidence in this record from an expert who stated he has investigated numerous accidents involving golf carts that “the types of accidents caused by the operation of the carts are due to the particular design features of the carts and are
 
 identical to those involving other motor vehicle accidents.”
 

 Id.
 
 at 1073 (citation omitted). In the present case, we lack the type of factual record available in
 
 Meister.
 

 Following
 
 Meister,
 
 we have held that all three factors should be considered before a court may invoke or reject an application of the dangerous instrumentality doctrine.
 
 Gooch,
 
 904 So.2d at 544-46. In
 
 Gooch,
 
 the court declined to extend the dangerous instrumentality doctrine to go-karts, noting that “the only expert testimony in this case was that go-kart accidents causing serious injuries are ‘pretty rare.’ ”
 
 Id.
 
 at 546. Once again, the record in this case is devoid of this type of expert testimony necessary to determine if the dangerous instrumentality doctrine should be extended.
 

 The trial court, ruling on appellee Kap-ka’s motion for summary judgment,
 
 [2]
 
 held that an ATV was not a dangerous instrumentality because the court was “unwilling to usurp the role of the Legislature or the Appellate Courts” in extending the doctrine to a new type of vehicle. The trial court acknowledged
 
 Meister
 
 and
 
 Gooch
 
 but did not evaluate any of the requirements for extension of the doctrine.
 

 While the first two factors involve legal questions which this court is competent to determine, the third factor requires the trial court to take evidence and resolve the issue of dangerousness. Both parties conceded at oral argument that the trial court erred by granting the motion dismissing Kapka without a proper evidentiary record to resolve the dangerous instrumentality question. We recognize that the extension of the dangerous instrumentality doctrine is generally a pure question of law.
 
 Gooch,
 
 904 So.2d at 544;
 
 accord Rippy v. Shepard,
 
 15 So.3d 921 (Fla. 1st DCA 2009). As such, the trial court should, in theory, have been able to resolve Kapka’s motion without any specific proffer of evidence. Nevertheless, we believe
 
 Meister
 
 compels a contrary result. Evidence of a vehicle’s danger in its normal operation is essential before a court may extend the dangerous instru
 
 *1106
 
 mentality doctrine, and the trial court’s failure to produce an evidentiary record was error.
 

 Over time, the common law has been cautiously and incrementally developed by the courts and expanded where such changes are specifically justified by the facts. As Oliver Wendell Holmes stated,
 

 I therefore repeat, that experience is the test by which it is decided whether the degree of danger attending given conduct under certain known circumstances is sufficient to throw the risk upon the party pursuing it.... The facts have taught their lesson, and have generated a concrete and external rule of liability.
 

 Oliver Wendell Holmes Jr.,
 
 The Common Law
 
 149-50 (1881). We are equally compelled to examine specific facts regarding the inherent danger of ATVs to determine whether the dangerous instrumentality doctrine should be extended to those vehicles.
 

 Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 STEVENSON and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . The Legislature is, of course, free to alter the dangerous instrumentality doctrine as it deems appropriate.
 

 [2]
 

 . Because Kapka’s motion rested on the factual allegations in appellants' complaint rather than a specific proffer of evidence, we characterize Kapka’s motion as a motion for judgment on the pleadings pursuant to Rule 1.140(c) instead of a motion for summary judgment.