TAYLOR, J.
We reverse the trial court’s order denying the plaintiffs’ motion to vacate an Agreed Final Order of Dismissal. The underlying case involved an accident wherein the operator of an all-terrain vehicle (“ATV”) struck a pedestrian, causing severe and permanent injuries. The accident occurred within an area controlled by the Griffin Road 345 Property Owner’s Association, Inc. (“the Association”). The pedestrian and her husband sued the minor driver and his parents, the ATV owner, Kenneth S. Kapka (“Kapka”), and the Association.
Kapka moved for summary judgment, arguing that he could not be held liable because the dangerous instrumentality doctrine did not apply to an ATV. The trial court granted the motion and entered final summary judgment in favor of Kapka. The plaintiffs appealed. While the appeal against Kapka was pending, the case against the Association moved forward.[1]
The trial court sua sponte bifurcated the liability and damages phases of the trial. At the end of the liability phase, the jury returned a verdict in favor on the plaintiffs. Before the damages phase of the trial against the Association began, our court issued a decision in the Kapka appeal. See Salsbury v. Kapka, 41 So.3d 1103 (Fla. 4th DCA 2010). We reversed the trial court’s judgment, ruling that the trial court had not compiled an adequate factual record for us to determine whether an ATV is a dangerous instrumentality. Id. at 1105-06. We remanded for an evi-dentiary hearing on that issue. Id.
During the damages phase of the trial against the Association, the plaintiffs reached a settlement agreement with the Association. An Agreed Final Order of Dismissal was entered, which indicated that all of plaintiffs’ claims were dismissed, with prejudice, including the claim against Kapka. The plaintiffs moved to vacate the *594 Agreed Final Order of Dismissal, explaining that they intended to settle only with the Association. The Order, however, mistakenly dismissed their claim against Kap-ka. The trial court denied the motion without allowing the plaintiffs to present evidence in support of it.
Because the plaintiffs’ motion presented colorable entitlement to relief, see Lee & Sakahara Assocs., AIA, Inc. v. Boykin Mgmt. Covp.) 678 So.2d 394, 395 (Fla. 4th DCA 1996), the trial court erred by failing to conduct a proper evidentiary hearing on the matter. See Gascue v. HSBC Bank, U.S.A., 97 So.3d 263, 264 (Fla. 4th DCA 2012). On remand, the trial court shall conduct an evidentiary hearing and allow the plaintiffs to present evidence in support of their motion to vacate the Agreed Final Order of Dismissal.

Reversed and Remanded.

MAY, C.J. and GERBER, J., concur.

. The other individual defendants were voluntarily dismissed from the case.