**R. E. ROBINSON, JR., ESMERELDA R. SMITH, THOMAS W. ROBINSON, FRANK M. ROBINSON, CATHLEEN WILLINGHAM, and her husband, TOM WILLINGHAM, HELEN GREENER, and her husband, W. B. GREENER, JAMES W. McROBINSON, ELSIE LOU ROBINSON, and F. T. FANCER v. THE TOWN OF RIVIERA, a Municipal Corporation.**

| | |
|---|---|
| 25 So. (2nd) 277 | January Term, 1946 |
| March 19, 1946 | Division B |
| Rehearing denied April 6, 1946 | |

*Bert Winters, W. J. Lake* and *F. T. Fancher,* for appellants.
*Edward G. Newell,* for appellee.

SEBRING, J.:

C. N. Newcomb was the owner in fee simple of certain real property in Palm Beach County, Florida. In 1913 he platted the land into a subdivision called Riviera, and filed the plat in the public records of Palm Beach County. Appearing on the plat was the following language:

"I further dedicate to the perpetual use of the public— to be used exclusively for park purposes—the park shown and designated upon sheet No. 2 of said plat as 'Osceola Park', and also the park shown and designated upon sheet No. 1 of said plat as 'Lake Side Park' said 'Lake Side Park' consisting of all that land lying between 'Grand View Place' and Grand-view Place North' on the west, and Lake Worth on the east together with all riparian rights thereunto belonging or in

anywise appertaining. Provided, that if the said parks, or either of them, or any portion of either of them, shall ever be converted to or used for any purpose other than as a public park, then and in that event the whole of said park so converted or used and the riparian rights thereunto belonging and appertaining, shall thereupon immediately revert to and vest in me, my heirs, executors, administrators or assigns."

In 1923 the Town of Riviera was formed by an act of the state legislature. The property included in the subdivision of Riviera constituted most of the lands within the newly created municipality. On April 18, 1925 Newcomb attempted to revoke the dedication of the lands for park purposes by deeding the property designated as Lake Side Park and Osceola Park to R. E. Robinson, F. T. Fancher and D. L. Southard. Southard subsequently conveyed his interest in the property to Fancher.

On April 18, 1944 Fancher and the heirs of R. E. Robinson, deceased, brought an ejectment suit against the Town of Riviera to recover possession of the lands designated on the plat as Lake Side Park and Osceola Park. The defendants answered with the plea of not guilty and the parties went to trial and offered testimony. Verdict and judgment were for the defendant and the plaintiffs bring this appeal.

It is conceded that the Town of Riviera has never accepted the offer of dedication by formal resolution. The issue in the case at bar was whether there had been an acceptance of the dedication by public user prior to the attempted revocation of the offer by Newcomb. The evidence on the issue was conflicting. The question, therefore, was one for the jury under appropriate instructions from the court. The plaintiffs requested the court to charge the jury that "in order for there to be a valid dedication of property, there must be an acceptance of the proposed dedication and that the burden of proof to show an acceptance of said dedication is upon the person or persons who claim by, through or under such dedication." The trial court refused to give the instruction, and such refusal is made the basis of an assignment of error.

After the case had been submitted by the court to the jury, and the jury had considered the matter for some length

of time, that body returned to the court room and asked for further instructions concerning the effect of the deed given by Newcomb to Robinson, Fancher.and Southard with relation to the offer of dedication contained in the original plat. At this time the court charged the jury, with reference to the deed: "That is right, it came after the dedication. The burden, as I instructed you, of proving a superior title is on the plaintiff. He must prove a title superior to the dedication. He must prove that by a preponderance of the evidence. He must prove after having shown that dedication that the rights of the public have ceased under that dedication. He must prove that by a preponderance of the evidence . . . So the question for you to decide is whether the rights of the public under that dedication have ceased or not. If they have ceased, this deed is good. If they have not ceased, this deed is no good."

We are of the view that the refusal to give the charge requested by the plaintiffs constituted reversible error. The testimony before the jury was close, and the jury might well have found for either of the parties to the litigation. Under such circumstances the court was charged with the duty of instructing the jury correctly on the burden of proof required by each party in order to be successful in the litigation.

It is well settled in this jurisdiction that so far as the public is concerned the platting of lands and the setting apart of a portion thereof for public use does not in and of itself constitute a complete dedication of such lands for public purposes. Such action constitutes, at most, a mere offer to dedicate the lands involved which must be accepted before revocation of the offer in order to complete the dedication. City of Miami v. F.E.C. Ry. Co., 79 Fla. 539, 84 So. 726; City of Palmetto v. Katsch, 86 Fla. 506, 98 So. 352; Burns v. McDaniel, 104 Fla. 526, 140 So. 314; 23rd St. Realty Corp. v. City of Miami Beach, 140 Fla. 257, 191 So. 464. The acceptance of such an offer may be by formal resolution of the proper authorities, or it may be by public user. At all events, the burden of proving an acceptance of a dedication of lands for the general public rests upon the party asserting it, and the proof of facts constituting an acceptance must be clear,

satisfactory and unequivocal. City of Miami v. F.E.C. Ry. Co., supra; City of Palmetto v. Katsch, supra; Burns v. McDaniel, supra; 23rd St. Realty Corp. v. City of Miami Beach, supra; Kirkland v. City of Tampa, 75 Fla. 271, 78 So. 17; City of Pensacola v. Kersey, 115 Fla. 496, 155 So. 730; Miller v. Bay-to-Gulf, Inc., 141 Fla. 452, 193 So. 425; Roe v. Kendrick, 146 Fla. 119, 200 So. 394.

When the charge that was requested by the plaintiff is considered in connection with the charge that was given when the jury returned to the court room for further instructions, it is apparent that not only did the trial judge fail to instruct the jury that the defendant had the burden of proving acceptance of the offer of dedication, by clear, satisfactory, and unequivocal proof, but that the latter charge given by him was based upon the assumption that the dedication had taken effect solely by force of the language of dedication contained in the plat without proof of acceptance, and that consequently the burden was on plaintiffs to prove that all public rights under the dedication had ceased and that the rights of the plaintiff had attached. For this reason a new trial must be awarded. The conclusion reached makes it unnecessary for us to discuss other assignments of error.

The judgment appealed from is reversed.

It is so ordered.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.