SAMUEL WEISS and SOL GEWANTER, Co-Partners, d/b/a COOPER LIQUORS, v. JOSEPH MARCUS and AL COLDMAN.

34 So. (2nd) 550                                        January Term, 1948
March 19, 1948                                                Division B

284

*Murrell, Fleming & Flowers,* for petitioners.

*Louis M. Jepeway & S. Erroll Mestreazat,* for respondents.

BARNS, J.:

This is a petition for certiorari under Rule 34 to review an interlocutory order in chancery.

Petitions for certiorari to review trial court's rulings must designate particular order or decree of which review is sought and also show with particularity alleged harmful error, and, if matters supporting charge of error are too lengthy to be copied into petition in haec verba they should be pleaded according to their tenor and effect with appropriate page references to the record.

The plaintiffs below filed a bill, to which the defendants filed their answer and thereupon the plaintiffs set the cause down for hearing on "motion for decree on bill and answer" pursuant to Section 63.40 F.S. 1941, F.S.A. And upon the hearing the chancellor decreed as follows:

"It is hereby ordered that the plaintiff's motion for decree on bill and answer be and the same hereby is denied. In accordance with the provisions of Section 40 of the 1931 Chancery Act the plaintiff shall have the right to proceed to trial notwithstanding the denial of said motion for decree on bill and answer."

This decree petitioners now seek to have reviewed. Plaintiffs' position in their petition for certiorari is that:

"The plaintiffs made a motion for decree on bill and answer, and the decree appealed from denied this motion and gave the plaintiffs the right to proceed to trial. The plaintiffs do not care to go to trial inasmuch as all of the facts are set forth in the pleadings of the plaintiffs admitted by the defendants or in the pleadings of the defendants, or in the orders of Court."

Of course upon hearing on bill and answer the only matters to be considered by the chancellor are the plaintiffs' bill and the defendants' answer, and the facts found by the court in its preliminary order upon a hearing upon application for a temporary injunction are of no consequence at such a hearing.

The last construction of this Court of the foregoing Section will be found in the case of Schupler v. Eastern Mortgage Co., 33 So. (2nd) 586, 592, wherein it was stated:

"The sufficiency of the answer as a defense may be tested by setting the cause down for a hearing on a 'motion for decree on bill and answer' as provided by Sec. 63.40, F.S.A., upon which hearing the allegations of the answer, according to their legal effect, will predominate and control over the allegations of the bill. See Whittaker v. Eddy, 109 Fla. 535, 147 So. 868."

Upon a hearing upon bill and answer it is appropriate for the Court, subject to further proceedings provided for by Section 63.40, supra, to enter an order for or a final decree, in accordance with the equities, being guided by the allegations of the pleadings and the effect thereof on such a hearing. See Whittaker v. Eddy, supra.

The petition is granted and the order quashed.

TERRELL, Acting Chief Justice, and SEBRING, JJ., concur.

CHAPMAN and ADAMS, JJ., concur specially.

ADAMS, J., concurring specially:

I concur in the opinion, conclusion and judgment but am also of the opinion that the suit should be dismissed pursuant to authority of Baker v. Hi Hat 159 Fla. 286, 31 So. (2nd) 275.

TERRELL, Acting Chief Justice, CHAPMAN and SEBRING, JJ., concur.