TERRELL, Justice.
In March 1924, Alfred E. Hills and his wife, Florence Hills, placed of record a plat of Venicetta Beach showing two streets, one 80 feet wide and 300 feet long extending east and west through the property. The second was 80 feet wide, 1080-feet long, extending north and south, and was known as Ocean Boulevard. The plat dedicated a strip 80 feet wide and 300 feet long “to the perpetual use of the public,”' reserving to the dedicators, their heirs and assigns, the reversion thereof “whenever discontinued by law.” There were 20 lots in Venicetta Beach, each approximately 50 feet wide by 300 feet long. They are located in Dade County outside any municipality and were sold according to said plat. All owners of the 20 lots are made parties defendant to this suit.
In May 1949 the heirs of Alfred E. Hills by an instrument entitled an “assignment”’ sold and transferred to Margaret D. Holbein their right, title and interest in and to all rights of reversion reserved by Alfred E. Hills and wife, in the dedication of the plat of Venicetta Beach. On April 12, 1950 Margaret D. Holbein, by a quitclaim, deed and an “assignment,” sold, remised, released and transferred to Harold W. Hills, Alfred E. Hills, Jr., and Francis E. Hills her right, title and interest in and to her right of reversion received by virtue of the instrument described in the forepart of this paragraph, reserving to herself such rights as may have existed by reason of her *887 being an abutting landowner on the 80-foot street.
Mrs. Holbein is now the owner of Lots 1, 2, 3, 4, 9, and 10, Block 2, Venicetta Beach, purchased in reliance upon the plat heretofore described. Lot 1 of Block 2 abuts on the 80-foot street.
On May 15, 1950, the Hills’ heirs by special warranty deed conveyed to Carl T. Hoffman the property comprising the 80-foot street, Venicetta Beach, thereby attempting to revoke the dedication made by said plat. On May 29, 1950, Carl T. Hoffman conveyed to Tom B. Walker and Allen E. Walker by special warranty deed an undivided 1/6 interest in and to the 80-foot street. On October 15, 1951 Carl T. Hoffman conveyed to Dorothy H. Johnson by special warranty deed an undivided 5/6 interest in and to the 80-foot street. On the same date Dorothy H. Johnson in turn conveyed to Harold W. Hills, Alfred E. Hills, Jr., and Francis E. Hills by special warranty deed an undivided 1/2 interest in and to said 80-foot street.
November 16, 1951 this suit was instituted by complainants, who are appellants here, to quiet their title to the 80-foot street. A motion to dismiss the bill on the part of Margaret D. Holbein and Otto Holbein, her husband, was overruled and certiorari to that order was denied by this Court. Answers were filed, testimony was taken and the Special Master filed his report recommending that the case be dismissed with prejudice at the cost of plaintiffs. Final decree by the Chancellor confirmed the Master’s report and dismissed the cause at the cost of the plaintiffs. This appeal was prosecuted.
Several questions are urged for determination but the real issue presented is whether or not under the facts stated plaintiffs have any legal claim to the 80-foot street in Venicetta Beach. In fine, they contend (1) that their offer to dedicate was never accepted by resolution of the County Commissioners of Dade County or use by the public, (2) the offer to dedicate was revoked prior to acceptance, (3) Dade County is now estopped to claim acceptance by user because it has abandoned Ocean Boulevard except as to 500 feet in Venicetta Beach, (4) the property owners of Venicetta Beach are estopped on account of replatting one-half of the subdivision, thus renouncing their rights under the original plat. They rely on Robinson v. Town of Riviera, 157 Fla. 194, 25 So.2d 277, to support their contention. They contend, in other words, that the last-quoted case rules the case at bar.
Appellees contend on the other hand that they purchased their lots in Venicetta Beach for a valuable consideration in reliance on the recorded plat which contained a dedication of the streets to the “perpetual use of the public.” They further contend that while there was no formal acceptance of the dedication by resolution, the County did accept the dedication by reason of the fact that the plat was signed, approved and accepted by the County Engineer. They also contend (1) that the deed from the Hills’ heirs to Mrs. Holbein extinguished their right of reversion because the two estates (servient and dominant) were merged in the same person, (2) that the deed from Hills’ heirs to Carl T. Hoffman did not operate as a revocation of the offer to dedicate the streets because the dedication was irrevocable and the attempt was barred by laches as it was executed approximately 26 years after the dedication. They rely on Smith v. Horn, 70 Fla. 484, 70 So. 435, Caples v. Taliaferro, 144 Fla. 1, 197 So. 861, Powers v. Scobie, Fla., 60 So.2d 738, and Indian Rocks Beach South Shore, Inc., v. Ewell, Fla., 59 So.2d 647, 32 A.L.R. 2d 940, to support this contention.
 It would require a lengthy opinion and would serve no useful purpose to discuss these contentions seriatim. It is enough to say that the offer to dedicate was made in 1924, the lots were sold with that offer in view, they were purchased for a valuable consideration and the rights of the appellees, as adjacent owners, standing in the shoes of the original purchasers, spring from such offer to dedicate and not necessarily from any instrument thereafter ap *888 pearing in the chain of title affecting the public’s rights to such property. By the last-cited cases the rule in this State is that title of the purchasers went to the middle of the street until discontinuance of the offer to dedicate. The Master found that there had been no discontinuance of one of the streets as it had been in continual use by the public and the county. It is also shown that equities on the part of other purchasers had intervened.
It is accordingly our view that appellants have shown no equity that would authorize the Court, after such a long lapse of time, to overthrow the claim of appellees in the lands in question. It is our view that' under the facts shown there arises a valid presumption of acceptance of the dedication.
The decree of the Chancellor is accordingly affirmed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ.,' concur.'