DREW, Justice.
Putnam County filed a complaint in the Circuit Court seeking to enjoin the appellant Winifred Cannon from interfering with the repair and maintenance of two roads which the county alleged to be public thoroughfares. The first of these roads leads from an old railroad right-of-way across the land of the appellant to the land of one Culbreath which we shall refer to as Road No. 1, and the other from a point near the terminus of Road No. 1 through the land of the appellant to the St. Johns River. This latter road we shall call Road No. 2. It is pertinent at this point to observe that Culbreath is not a party to these proceedings and that the Cul-breath property is a part of government Lots 1 and 2, Section 33, Township 10 South, Range 26 East, in Putnam County, Florida, the remainder of which is presently in the possession of appellant and claimed to be owned by her.
The county contends that Road No. 1 is a public highway because of a dedication thereof which appeared in the deed from the original patentee to government Lots 1 and 2 to the predecessors in title of Culbreath in 1884, reading as follows:
“ * * * Together with a right-of-way through the lands of the parties of the first part from the rear of the premises herein conveyed by a road along the edge of the swamp on dry land, to the right-of-way granted the Palatka and Indian River R. R. Co., thence along the west side of said right-of-way through the premises of the parties of the first part, to be kept open for public use as a thoroughfare and highway forever; said roadway to be 25 feet in width.”
The county claims Road No. 2 is public because it has been continuously used by the public for a period of more than thirty years.
As to Road No. 1, the county claims that the offer to dedicate in the old deed of 1884 above set forth was accepted by the public *579 by virtue of its use by the public' for a period of more than thirty years. The complaint, however, contains no allegations as to maintenance or improvement of said road or any attempt to do so until 1952 at which time the appellant blocked them off of said highway and prevented the work on it.
Appellant denied the public nature of either highway in her answer. After overruling a motion by the county for decree on bill and answer, thus determining the sufficiency of the answer as a defense, Weiss v. Marcus, 160 Fla. 283, 34 So.2d 550, the lower court referred the cause to a master to take testimony.
During the period allowed for taking testimony as extended by court order, the county took the deposition of the appellant and filed it in the cause and thereafter moved for the entry of a summary final decree under 31 F.S.A. Rule 40, Florida Equity Rules, upon such deposition, the pleadings, and certain exhibits therein referred to. The court heard this motion and granted it as to Road No. 1 but denied it as to Road No. 2. So far as Road No. 1 is concerned, it decreed the same was a public thoroughfare and highway and enjoined appellant from interfering with the county or its agents in the use or repair thereof. As to Road No. 2, the court denied the motion, referred the cause to a master (the master had already been appointed and the cause had been theretofore referred), and, among other things, observed, “the question of whether or not there has been a public user thereof for more than twenty years prior to the filing of the complaint (Zetrouer v. Zetrouer, 89 Fla. 253, 103 So. 625) presents a sharp question of fact.”
It is from that portion of the decree concerning Road No. 1 that this appeal is prosecuted by Winifred Cannon.
The summary final decree recited in the opening paragraph that there is no “substantial controversy” as to the matters thereafter adjudicated. Equity Rule 40(c) provides that a summary final decree shall be entered only “if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a final decree as a matter of law.” (Italics added.) The rule does not contemplate that a summary final decree shall be entered, nor does it authorize the entry of such, on the basis of a lack of a “substantial controversy.” Moreover, our examination of the record here leaves no doubt in our mind that there are a number of genuine issues of material facts which must be determined before a proper decree can be rendered.
In the case of Robinson v. Town of Riviera, 157 Fla. 194, 197, 25 So.2d 277, 278, this court speaking through Justice Sebring on the question of dedications and acceptances of dedications said:
“It is well settled in this jurisdiction that so far as the public is concerned the platting of lands and the setting apart of a portion thereof for public use does not in and of itself constitute a complete dedication of such lands for public purposes. Such action constitutes, at most, a mere offer to dedicate the lands involved, which must be accepted before revocation of the offer in order to complete the dedication. City of Miami v. Florida East Coast R. Co., 79 Fla. 539, 84 So. 726; City of Palmetto v. Katsch, 86 Fla. 506, 98 So. 352; Burns v. McDaniel, 104 Fla. 526, 140 So. 314; Twenty-Third Street Realty Corporation v. City of Miami Beach, 140 Fla. 257, 191 So. 464. The acceptance of such an offer may be by formal resolution of the proper authorities, or it may be by public user. At all events, the burden of proving an acceptance of a dedication of lands for the general public rests upon the party asserting it, and the proof of facts constituting an acceptance must be clear, satisfactory and unequivocal. City of Miami v. Florida East Coast R. Co., supra; City of Palmetto v. Katsch, supra; Burns v. McDaniel, supra; Twenty-Third Street Realty Corporation v. City of Miami Beach, supra; Kirkland v. City of Tampa, 75 Fla. 271, 78 So. 17; City of *580 Pensacola v. Kersey, 115 Fla. 496, 155 So. 730; Miller v. Bay-to-Gulf, Inc., 141 Fla. 452, 193 So. 425; Roe v. Kendrick, 146 Fla. 119, 200 So. 394.”
Every material fact necessary to a determination of the question of whether these two roads are public roads is not only controverted by the answer of the appellant but by her testimony in the deposition in the record. The burden of establishing these facts was upon the county. We think from the record in this cause that the same doubts about whether Road No. 1 is a public highway exist as to Road No. 2 and that the reasoning of the court on the record here as to Road No. 2 should be applied to Road No. 1
For the reasons aforesaid, that portion of the decree from which this appeal is prosecuted is vacated and set aside and the cause is hereby reversed for further proceedings in conformity with our view expressed herein.
ROBERTS, C. J., and THOMAS and HOBSON, JJ., concur.