THOMAS, Justice.
When this litigation was considered on a former appeal, Cannon v. Putnam County, Fla., 75 So.2d 577, the chancellor had held in a summary final decree that a road designated in the opinion as “Road No. 1” was a public highway, by virtue of a dedication and acceptance, and that the appellant should be enjoined from obstructing it. He had denied such a decree with reference to the road described as “Road No. 2” and had referred this matter to a master with directions to take testimony to determine whether or not there had been public user for more than 20 years.
This court decided, in effect, that a genuine issue of fact in respect of Road No. 1 was present and that it, too, should be tried. So the decree was reversed for the purpose of determining whether or not by clear, satisfactory and unequivocal evidence there had been acceptance by user of the dedication of Road No. 1. Robinson v. Town of Riviera, 157 Fla. 194, 25 So.2d 277. Our opinion did not affect the procedure so far followed relative to Road No. 2 as the appeal was taken only from the portion of the decree dealing with Road No. 1.
*38 To recapitulate, at that stage of the controversy evidence was required to be considered not only on the question whether or not Road No. 2 had been established by user for 20 years, without dedication, but also on the question whether or not the dedication of Road No. 1, “forever”, had been accepted by user.
The description of the two roads appears in the former opinion, but when the case was returned for further proceedings the status of a third road was introduced by amendment to the complaint. This one extends in a southeasterly-northwesterly direction to connect with Road No. 1, which, in turn, connects with Road No. 2 leading in a general westerly direction to the St. John’s River. The new road became involved when the appellant placed on it an obstruction about 500 feet southeasterly from the location of the first barricade which had precipitated the suit.
The chancellor found that Road No. 3 was a public highway “to the extent in width that [it had been] maintained, kept in repair and worked by [the] county, agreeable to Sec. 341.59, Florida Statutes[1] [1951, F.S.A.].” Since no challenge is made here to the holding with reference to this road we will devote our attention to the other two.
One Benjamin F. McGraw received from the United States by patent lots one and two and in 1884 conveyed a part of Lot 1 to a predecessor in title of J. K. Culbreth, who was made a party defendant after the first decision but who is not a party to this appeal. The deed contained a provision for “a right-of-way through the lands of the parties of the first part from the rear of the premises herein conveyed by a road along the edge of the swamp on dry land, to the right-of-way granted the Palatka and Indian River R. R. Co., thence along the west side of said right-of-way through the premises of the parties of the first part, to be kept open for public use as a thoroughfare and highway forever; said roadway to be 25 feet in width.” This is the right-of-way for the road we have called Road No. 1.
We have read all the testimony adduced before the special examiner, eventually appointed to service in the stead of the special master, and reported by him to the chancellor, and have discovered no reason to interfere with the chancellor’s conclusion that the dedication of Road No. 1 had been accepted by public user and that the user had been continuous ever since. The evidence supporting this position was, in our opinion, of the character defined in Robinson v. Town of Riviera, supra. Not only was the testimony introduced by the appellee of this quality but that offered by the appellant in rebuttal was so uncertain as not seriously to undermine it.
The cumulative testimony of the witnesses appearing in behalf of the appellee proved user of the combined roads for a period of half a century. At least two of these witnesses testified to familiarity with the roads for that period. And good reasons were given by many of them for having gained the knowledge. The landing on the St. John’s River to which the roads led had as early as 50 years before been used for such activities as loading oranges on the mail boats which then plied the river, the unloading of catches of fish and the loading of fishing boats with supplies. Some witnesses had hunted and fished in the territory and expressed a knowledge of the use of both roads for such periods as would not only establish the use of Road No. 2 for a sufficient length of time for it to have become a right-of-way by prescription but also to show that the dedication quoted had been accepted by user of Road No. 1 that had continued and was continuing.
We refer especially to one witness, an engineer, who gave testimony of a different sort which was interesting and informative because of its peculiar nature and its *39 historical aspect. He was thoroughly-trained in his profession and had practiced it for 50 years. He had just examined the roads and during the hearing he identified them on the maps in evidence, one a map of a geological survey issued by the United States Department of the Interior. He swore that based on his experience he thought the road appeared to be very old because the surface of the ruts was from six to nine inches below the ground on each side. This feature, from his experience with locating corners of old Spanish grants from field notes with references to old Spanish roads, and the appearance of the lands, indicated that the roads in question had long before come into use.
The engineer was asked about his first visit to the region and said he was lured there by the desire of his wife to visit the site, Buffalo Bluff, to which the roads led, where Milton Bryan, leader of a cavalry patrol of Dickinson’s Scouts, had captured a federal gunboat. We resist the temptation to brighten a drab discussion of a legal problem with a romantic elaboration of the extraordinary feat of horsemen subduing an armed vessel.
Our study of the record has brought us to the conviction that the chancellor’s decree should be—
Affirmed.
TERRELL, C. J., and ROBERTS, DREW and THORNAL, JJ., concur.

. Now F.S.A. § 337.31.