168 So.2d 65 (1964)
Oliver R. BURKART and Mabel C. Burkart, husband and wife, Petitioners-Appellants,
v.
CITY OF FORT LAUDERDALE, a municipal corporation, Respondent-Appellee.
No. 33107.
Supreme Court of Florida.
October 7, 1964.
Rehearing Denied November 6, 1964.
Patterson & Maloney, Fort Lauderdale for petitioners.
C. Shelby Dale, James E. Edwards and William J. Lee, Fort Lauderdale, for respondent.
MASON, Circuit Judge.
Petitioners, plaintiffs in the trial court and appellants in the District Court of Appeal, Second District, filed their petition in this court for a writ of certiorari to be directed to the latter court to have reviewed a decision of that court affirming a decree of the Circuit Court in and for Broward County, in equity, in favor of respondent herein, defendant and appellee below. We granted the writ both on jurisdiction and *66 merits, being of the view that the petition reflects possible conflict between the decision of the District Court of Appeal and a prior decision of this court insofar as the decision affirmed that part of the lower court's decree which lodges exclusive riparian rights in the respondent-defendant City of Fort Lauderdale.
The facts of the case are extensively set out in the majority opinion below and no good purpose will be served to repeat them here, except as is necessary to point up the problem which confronts us in determining whether there is conflict between the decision below and prior holdings of this court, and if such conflict exists, to assist us in deciding the case on the merits. For a statement of such facts we refer the reader to the decision and opinion of the District Court of Appeal, Second District, 156 So.2d 752, filed October 9, 1963.
For the purposes of this review it is sufficient to relate that in 1921 the owner of certain property located on New River Sound, a navigable body of water in Broward County, recorded a subdivision plat of the land, which plat contained a dedication with pertinent portions as follows:
"The riparian rights in and to the waters of New River and New River Sound opposite each lot or parcel of land fronting or abutting upon Ocean View Drive are hereby reserved to the New River Development Company, its successors, legal representatives or assigns, owners of said abutting lots or parcels of land. The streets, avenues and Ocean View Drive, shown hereon are hereby dedicated to the perpetual use of the public as thoroughfares, reserving to the New River Development Company * * * the reversion or reversions thereof, whenever discontinued by law." (Emphasis supplied)
Petitioners, through mesne conveyances from the subdivider, obtained various lots, with the reserved riparian rights, in the subdivision. These lots face east and abut the west side of Ocean View Drive, which runs along and borders upon New River Sound lying to the east of said Drive. This street runs generally in a north and south direction.
Petitioners' complaint below asserted ownership of riparian rights in respect of the lands subsequently formed by accretion and lying easterly across Ocean View Drive opposite their lots in the subdivision, by virtue of their ownership of the underlying fee in Ocean View Drive, and by virtue of the reservation of riparian rights in the dedication by the dedicator to itself and its assigns. The complaint further alleges that under the provisions of the Riparian Rights Act of 1856, and amendatory and supplementary statutes enacted thereafter, petitioners have the right to fill in the submerged land lying in front of their lots and to the east of Ocean View Drive, to the channel of the Sound. The petitioners prayed that they be declared the owners of this land, free and clear of any claim, right or title of the respondent City, and that the City be enjoined from interfering with their use or disposal of said land. Petitioners also allege that at the time of the recording of the plat there existed a certain parcel of land between the street and the water fee title to which was in the dedicator and which passed to them by mesne conveyances, and that as to this parcel they have outright ownership, and that the City of Fort Lauderdale has no rights therein, riparian, or otherwise. The City answered and asserted that there was no such land lying east of the Drive when the plat was recorded and that the dedication of the street to the public by petitioners' predecessor in title operated to relinquish to the public, and to merge in the public right, the dedicator's, and its assigns' individual and private rights and right of access to the open navigable waters in front of the dedicator's uplands. It also contended that under its charter it has the power to regulate and control all the streets, waterways and public ways within the City *67 limits, and has adopted ordinances to that effect.
The suit was filed in 1946 but was not determined until 1960. The chancellor dismissed the suit upon final hearing, denying the petitioners the relief sought. The District Court of Appeal affirmed, one member dissenting. In affirming the court first concluded that the chancellor was correct in holding that the "easterly boundary of Ocean View Drive, as shown on the plat, was intended to be and was the waters of New River Sound" and that any accumulated deposits against Ocean View Drive were a part of the dedicated street. The District Court of Appeal found "the words on the face of the plat, dedicating the Drive as a public thoroughfare and reserving riparian rights, when considered in the light of all the circumstances * * * are clearly inconsistent" and "therefore, the plat and its dedication must be construed in favor of the public and against the reservation by the subdivider and his successors in title." Hence, the court construed the dedication as "operating to relinquish to the public, and to merge in the public right, the dedicator's individual riparian rights to the navigable waters."
As to the holding of the District Court of Appeal that the "easterly boundary of Ocean View Drive, as shown on the plat, was intended to be and was the waters of New River Sound," we find no conflict, as applied to the facts in the case, between it and the decisions of this court in Brickell v. Town of Ft. Lauderdale, 75 Fla. 622, 78 So. 681, or that of this court in Earle v. McCarty, Fla., 70 So.2d 314, relied upon by petitioners to give this court jurisdiction on the ground of conflict. In both of these cited cases the principle was set forth that where a street is shown on a plat of a subdivision to run along a navigable stream, and the plat itself shows the side of the street furthest from the stream to be denoted by a straight line, while the side nearest the stream is marked by undulating or wavy lines, presumably indicating the irregular line of the waters of the stream, these facts are taken to define a street lying on the water, with nothing between it and the water, in the absence of anything appearing to the contrary on the plat or in the dedication. The chancellor below resolved an apparent conflict between the oral testimony taken at the final hearing and the lines of the street as shown on the plat, and concluded that the latter was intrinsic evidence in the plat itself indicating that the maker of the plat showed no land lying between the street and the water at the time the plat was made and recorded. And having so resolved this conflict, he concluded that the easterly boundary of Ocean View Drive, as shown on the plat, was intended to be and was the waters of New River Sound. The District Court of Appeal held that the chancellor in resolving this issue of fact had applied the correct principle, as stated in the prior decisions of this court now relied upon by petitioners to establish a conflict. With this portion of the opinion and decision below we agree, and therefore cannot assume jurisdiction because of any such alleged conflict.
However, having concluded, as did the chancellor below, that the "easterly boundary of Ocean View Drive, as shown on the plat, was intended to be and was the waters of New River Sound," the District Court of Appeal went on to hold, as also did the chancellor below, "that if any deposits have accumulated against Ocean View Drive, such accumulations are a part of the dedicated street." The court below then stated that "Where a street is laid out so that it is bounded on one side by navigable waters, the dedication of the street to the public operates to relinquish to the public, and to merge in the public right, the dedicator's individual right of access to the open navigable waters in front of the dedicator's uplands," and then held that a reservation of riparian rights by the dedicator is inconsistent with and must give way in the face of such dedication. We are of the opinion that this latter *68 holding of the court below is in direct conflict with our opinion and decision in City of Tarpon Springs v. Smith, 1921, 81 Fla. 479, 88 So. 613, and because of such conflict we have jurisdiction to review that part of the decision below which deals with the question of riparian rights of these petitioners as against the right and authority of the City over the waters of the New River Sound abutting upon Ocean View Drive opposite petitioners' uplands.
In City of Tarpon Springs v. Smith, supra, although we held that "[w]herever the street * * * touches or approximately touches the body of the * * * river, the riparian rights that are appropriate to a street easement were also impliedly dedicated as an incident; there being no express or implied reservation by the dedicator of such riparian rights," there is implicit in our holding in that case the principle that riparian rights do not pass as an incident to the street easement where there is an express reservation by the dedicator of such riparian rights, and since the record herein reflects that there was an express reservation of riparian rights by the dedicator, petitioners' predecessor in title, there is a direct conflict between the holding of the District Court of Appeal on this issue, and the holding implicit in our decision in City of Tarpon Springs v. Smith. We therefore have authority and do assume jurisdiction by virtue of Section 4, Article V of the Florida Constitution, F.S.A. See: Sunad v. City of Sarasota, Fla., 122 So.2d 611.
We now pass to the merits of the case. The majority opinion below held that the record in the case before the chancellor justified the chancellor's finding that there was no land lying east of the Ocean View Drive at the time of the recording of the plat, and that therefore there existed then no such land to which petitioners hold the absolute fee title as claimed by them, but that any land now so lying accumulated by accretion subsequent to the recording of the plat. With this holding we are in accord. However, we are of the opinion, as was the author of the minority opinion below, Judge White, that the majority opinion affirms a misapplication of the doctrine of merger indulged by the chancellor below to effectuate a divestiture and transfer of reserved property rights.
The majority opinion conceded that the petitioners own the fee of Ocean View Drive but held that petitioners' ownership of the underlying fee does not vest them with riparian rights to the exclusion of the riparian rights accruing to the easement in the dedicated street, and that the riparian rights attached to the streets easement and accrued to the public and were not the property of the owner of the fee in the street, the petitioners herein. With this holding we cannot agree, for it overlooks, or does not give validity to, the riparian rights expressly reserved by the dedicator to itself and its assigns. In laying out the subdivision, including petitioners' lots, the dedicator specifically reserved to itself and to its assigns "the riparian rights in and to the waters of New River and New River Sound opposite each lot or parcel of land fronting or abutting upon Ocean View Drive." The dedicator, New River Development Company, constructed streets, pavements and sidewalks and sold lots according to the plat. Petitioners, plaintiffs below, in their complaint traced title to their lots back to New River Development Company and asserted title to the accreted tract lying opposite their lots between the Drive and the water, and claimed the right to fill the submerged lands so appurtenant to their lots so long as they did not obstruct the navigable channel. In their deraignment of title it appears that riparian rights were granted by a chain of conveyances culminating in the deed to the petitioners. The City in its answer claimed for itself the ownership of the street and of the increment between it and the water by reason of the dedication.
The petitioners undoubtedly own the fee to the street, but we agree with the chancellor and the District Court of Appeal that it would be inconsistent with the easement *69 to permit petitioners to fill the submerged land. The plat, by placing the eastern boundary of the street contiguously along the water's edge, evinces an intent that the easement therein would continue to extend to the water's edge notwithstanding future accretion or erosion. We agree that it is correct to hold that the accretions attaching to the fee in the street became subject to the street easement and are a part of it. But, the fee interest remains in the petitioners, since accretions generally belong to the owner of the upland to which they attach. Ford v. Turner, Fla.App., 142 So.2d 335. Title to the accretions, unless excepted passes with the land to which they are appurtenant. American Mortgage Co. v. Lord, Fla.App., 132 So.2d 40.
The decree below goes further than merely to deny petitioners' right to fill these submerged lands or to appropriate to themselves full dominion over the accretions, for it denies petitioners all riparian privileges incident to the reservation of rights in the plat and, in effect, confers the totality of such rights upon the City. This cannot be, for such a holding is inconsistent with the petitioners ownership of the fee and is consistent only with the City's ownership of it, which it does not have. The City owns neither the fee to the street nor to the accretions appurtenant to the street.
We concur in the views expressed by Judge White in his dissenting opinion wherein he says: 
"The city clearly has the right to enter and use all portions of the easement for road maintenance purposes. For such purposes the easement continuously extends to the highwater mark of New River Sound and should not be infringed; but I find no controlling law or overriding public policy that requires the lodgment of exclusive riparian rights in the city contrary to the recorded intent of the dedicator. It is elementary that only such dedicatory rights may be accepted as are actually or impliedly given. Contrarily the instant holding permits the city to accept the benefits of dedication and at the same time wholly reject the reservation of rights; and, further, the decree virtually takes the entire package of rights reserved and confers them upon the defendant, a public corporation having proprietary as well as governmental powers.
"Under the decree as entered the city, in its proprietary capacity and as exclusive owner of riparian rights, conceivably could erect a marina or establish a public beach with auxiliary facilities along the easement. Assuming that these facilities would not conflict with plaintiffs' privileges possessed in common with the public, they would certainly conflict with the plain intent of the dedication, the private right of the plaintiffs to unobstructed view and enjoyment of the waterfront, anchorage and wharfage privileges and unimpeded right of ingress and egress to and from their lots and the water. The value of plaintiffs' lots is significantly involved. Since the easement was dedicated only as a street, it was not intended that the city should have riparian rights extending past the land's edge."
Also,
"The rights of a riparian owner are property rights which cannot be taken without just compensation. See Thiesen v. Gulf F. & A. Ry. Co., 1918, 75 Fla. 28, 78 So. 491, 506-507, L.R.A. 1918E, 718, and cases cited therein;"
In Thiesen v. Gulf, supra, we stated:
"The fronting of a lot upon a navigable stream or bay often constitutes its chief value * * *. The right of access to the property over the waters, the unobstructed view of the bay, and the enjoyment of the privileges of the waters incident to ownership of the bordering land would not, in many cases, be exchanged for the price of an inland lot in the same vicinity. In many cases, *70 doubtless, the riparian rights incident to the ownership of the land were the principal, if not the sole, inducement leading to its purchase by one and the reason for the price charged by the seller."  78 So. page 507.
In the Tarpon Springs case, supra, this court predicated its decision, which held that the riparian rights involved there were incident to a street easement, upon the fact that there was no reservation of such rights by and in the dedicator. The same reasoning is expressed by the District Court of Appeal, Second District, in Feig v. Graves, Fla.App. 1958, 100 So.2d 192, 195, wherein the court held:
"A dedicator may reserve all riparian rights appurtenant to the land encumbered by the easement dedicated. Florida East Coast Ry. Co. v. Worley, 1905, 49 Fla. 297, 38 So. 618. Riparian rights were not reserved in the case at bar. In the absence of such a reservation whether these rights are included within the scope of a `dedication' depends upon the purpose for which the easement was granted and the location of the property burdened with the easement."
We conclude that because of the express reservation of riparian rights by the dedicator herein to itself and assigns, contained in the plat herein, these rights did not pass to the public as an incident to the street easement in Ocean View Drive. A contrary holding, in the words of Judge White in his able dissent below,
"* * * unreasonably advances the servitude over the principal estate, materially prejudices the plaintiffs in the use and value of their property and is contrary to manifest intent."
The City's easement in the street and accretions thereto may be protected for the benefit of the general public without ascribing to it rights, privileges and properties over and beyond those reasonably incident to its prescribed use; which use is not limited solely to travel upon the street, but includes the general public's right to use the accreted property as a way of ingress and egress to the waters of New River Sound. The petitioners should be adjudged owners of the fee title in and to the subject land with such riparian rights and privileges as have been reserved in the dedication, and which do not burden the easement dedicated, all in accordance with the purpose of the dedication and in recognition of the riparian rights herein held to have been reserved to petitioners as successors in title to the dedicator.
We conclude that the decision of the District Court of Appeal should be quashed, and that court is directed to enter its decision consonant with the views herein expressed, and to command the chancellor below to reinstate the cause and enter a final decree in accordance herewith.
It is so ordered.
DREW, C.J., and ROBERTS, THORNAL and HOBSON (Ret.), JJ., concur.