Mr. R. William Rutter, Jr. Palm Beach County Attorney West Palm Beach, Florida
Dear Mr. Rutter:
You ask the following question:
May a municipality unilaterally discontinue or vacate streets dedicated to public use located within its boundaries and thus obviate county approval for the discontinuance or vacation?
In sum:
A municipality may discontinue or vacate a street located within the municipality without subsequent approval of the county, even though shown on a recorded plat covering land within and without the municipality, unless such street had been designated a part of the county road system pursuant to section 336.01, Florida Statutes.
This opinion is restricted to, and has to do only with, municipalities located in noncharter counties.
It is a fundamental rule of statutory construction that a statute must be construed in pari materia with all other laws on the same subject. State ex rel. Gaines Construction Company v. Pearson,154 So.2d 833, 7 A.L.R.3d 602 (Fla. 1963). Thus, section 177.101(4), Florida Statutes, must be construed in light of Chapters 166 and336, Florida Statutes.
In Attorney General Opinion 075-171, I discussed the proper procedure for a municipality to follow in vacating a street pursuant to its home rule powers. A municipality's power to vacate streets is based upon section 166.042, Florida Statutes, and section 167.09, Florida Statutes 1971, and I stated in that opinion:
"Thus, I am of the opinion that the legislative and governing bodies of municipalities may continue to exercise the authority formerly delegated by s. 167.09, subject only to the otherwise valid terms and conditions which they choose to prescribe. Cf.Penn v. Pensacola-Escambia Government Center. Authority,311 So.2d 97, 101 (Fla. 1975); Ops. Att'y Gen. Fla. 74-274 (1974) and 75-101 (1975)."
And in regard to whether a street or alley should be vacated by ordinance or resolution, I concluded in the summary:
"Within the purview of the definitions of the words "ordinance" and "resolution" contained in section 166.041, Florida Statutes, it would appear that, at least with respect to permanent vacating of a street or alley by a municipal legislative body, the more appropriate procedure would be the adoption of an ordinance rather than a resolution."
Section 336.01, Florida Statutes, authorizes the county and city to agree that a street within the city shall be designated as a part of the county road system. Obviously, a city could not unilaterally vacate any road so designated. However, in absence of such a designation, a county would have no authority over a street within the corporate limits of a municipality, unless it is acquired under Chapter 177, Florida Statutes, the Map and Plat Law.
Chapter 177, Florida Statutes, regulates the platting of subdivisions. Section 177.071 requires the approval of "the appropriate governing bodies in a county" before a plat may be recorded, and section 177.081 provides that when "the approval of the governing body has been secured and recorded in compliance with this chapter, all streets, alleys, easements, rights-of-way, and public areas shown on such plat, unless otherwise stated, shall be deemed to have been dedicated to the public for the uses and purposes therein stated." See Op. Att'y Gen. Fla. 71-307 (1971). However, pursuant to section 177.081(2) such dedication does not create any obligation upon any governing body to perform any act of construction or maintenance within such dedicated areas except when the obligation is voluntarily assumed by the governing body. An offer of dedication continues, and thus may be accepted, until it is revoked or withdrawn by the grantor. City of Miami v.Florida East Coast Railway Company, 84 So. 726 (Fla. 1920). And acceptance may be by formal or informal act of the governing body or by actual use by the public. Robinson v. Riviera, 25 So.2d 277
(Fla. 1946).
Section 177.101, Florida Statutes, provides for the vacation and annulment of a subdivision plat or a part thereof by the governing body of the county. Subsection (4) requires the persons making application for the vacation of a plat or a part thereof to publish notice of this intention to apply therefor and provides further that:
"If such tract or parcel of land is within the corporate limits of any incorporated city or town, the governing body of the county shall be furnished with certified copy of resolution of the town council or city commission, as the case may be, showing that it has already by suitable resolution vacated such plat or subdivision or such part thereof sought to be vacated."
In Attorney General Opinion 71-307, I ruled that county approval of a subdivision plat located entirely within a municipality is not required as a prerequisite to its recordation, but mutual agreement would be required prior to recordation of a subdivision plat encompassing land lying both within and without a municipality. I have the view that, even though a plat of land or portion thereof lying both within and without an incorporated municipality may be vacated only by joint action of the city and county (as it had been approved by joint action of both), the county could vacate a county road located in the unincorporated area of the county, as authorized by section 336.09, Florida Statutes, without the consent of the city; and, conversely, a municipality could discontinue or vacate a street within its boundaries dedicated to the public for use as a city street without the consent of the county (assuming, of course, that the particular street had not been designated by agreement as a county road).
Sincerely,
Robert L. Shevin Attorney General
Prepared by: Martin S. Friedman, Assistant Attorney General