GRIMES, Acting Chief Judge.
This is an appeal from a final summary judgment determining the appellees to be the fee simple owners of the entire right of way of an abandoned county road. We affirm.
In 1963 the appellees’ predecessor in interest, Janssen Dairy, Inc., conveyed the west fifty feet of its land to Polk County for no compensation. The deed contained no reservation or reverter, but it is undisputed that the land was conveyed to enable the county to construct King Road along the fifty foot strip. Appellant’s land lies immediately to the west of the fifty foot strip. Twelve years later, the county decided to reroute King Road toward the northwest so as to run across the appellant’s property. The appellant conveyed a right of way to the county for this purpose on the condition that appellant would receive the west half of the King Road right of way which was to be abandoned.
On June 6, 1976, Polk County Board of County Commissioners adopted a resolution officially closing the portion of King Road no longer needed and abandoning all rights of the county and the public therein. Immediately thereafter, appellees filed suit for declaratory judgment against the appellant and the county seeking to have their right to the entire portion of the abandoned roadway confirmed. The claims of the parties are illustrated by the following diagram.
*1072 [[Image here]]
Both sides moved for summary judgment. The court ruled that upon abandonment, the county had nothing left to convey, and that under Section 336.12, Florida Statutes (1975), title to the abandoned roadway reverted to the appellees just as if their predecessor had reserved the fee and granted only an easement to the county. Appellant’s cross-claim against the county remains pending.
Section 336.12 reads as follows:
336.12 Closing and abandonment of roads; termination of easement; conveyance of fee. The act of any commissioners in closing or abandoning any such road, or in renouncing or disclaiming any rights in any land delineated on any recorded map as a road, shall abrogate the easement theretofore owned, held, claimed or used by or on behalf of the public and the title of fee owners shall be freed and released therefrom; and if the fee of road space has been vested in the county, same will be thereby surrendered and will vest in the abutting fee owners to the extent and in the same manner as in case of termination of an easement for road purposes.
Under the statute, if a county’s interest in a road consists of an easement, when the road is abandoned the fee owner’s title to the land is simply released from the easement. If the county owns fee title in the road, the statutory intent is not so clear. On the one hand, the statute provides that title will vest in the same manner as when an easement is terminated, which implies that the title will revert to the former owner. On the other hand, the statutory reference to abutting fee owners suggests that they have an interest in the vacated land by virtue of their proximity even though they may have never owned any of the land within the roadway. Significantly, however, the statute provides that abutting fee owners share in the title only “to the extent and in the same manner as in case of termination of an easement.” Thus, we construe the statute to mean that an abutting fee owner obtains title only to the extent that he or his predecessor in title owned the land when the county obtained it for road purposes. In other words, the fee in the abandoned roadway reverts to the abutting estates in the same proportion that these estates were reduced in order to create the roadway.
Had appellees’ predecessor merely granted an easement to the county and retained the fee, it could not be disputed that the appellees would now hold the entire road *1073 way in fee unburdened by the easement. The effect of Section 336.12 is to require that upon the abandonment of a road owned by the county in fee simple, title shall pass in the same manner as if an easement for road purposes were located thereon. Since the county obtained the entire roadway from the appellees’ predecessor, if title is to pass in the same manner and to the same extent as if there were an easement, the appellees must take the entire portion of the abandoned road.
An examination of the origins of Section 336.12 lends some support to our conclusion. This section was first enacted in 1947 and subsequently codified as Section 343.46, Florida Statutes (1951). In 1947 the legislature also enacted Section 343.39, Florida Statutes (1951), which read as follows:
343.39 Conveyance of abandoned roadway. — In event the fee simple title to the land constituting the street, road or highway described in, and affected by, the resolution adopted pursuant to subsection (1) of § 343.38, is owned by the county, then in that event the board of county commissioners shall convey to each owner of land abutting upon said vacated street or roadway, that portion of the road or highway lying between the center line of the road or highway and within extensions of the boundary lines of the property of the abutting owner.
Thus, it appears that in the same year the legislature passed two somewhat contradictory sections pertaining to the disposal of abandoned roadways held by the county in fee simple.
Several years later the legislature enacted the Florida Highway Code of 1955. As part of that act the legislature repealed Chapter 343 which contained both statutes noted above. However, as part of the new highway code the legislature chose to re-enact Section 343.46 as Section 336.12 but did not re-enact any portion of former Section 343.39. By re-enacting one section and omitting the other, it is logical to assume that the legislature elected not to have the fee title to abandoned roadways pass in equal proportions as mandated under former Section 343.39.
Appellant argues that an interpretation of Section 336.12 which allows the original grantor of the roadway to take the entire roadway upon abandonment is contrary to Florida decisional law as reflected in United States v. 16.33 Acres of Land, 342 So.2d 476 (Fla.1977), and the cases cited therein. However, those cases dealt with a situation in which a roadway was created by a single grantor who later conveyed the abutting lots to separate owners. Thus, the abutting fee owners had a common grantor, and the question was not whether the fee reverted to the abutting lot owners because they were abutting owners, but whether the fee was conveyed to the abutting owners because the grantor had failed to reserve any interest in the roadway in his deeds to the abutting owners. The cases cited by appellant hold that when a grantor subdivides his property, dedicates streets to the public, and then conveys lots which abut those streets to various parties without a specific reservation of a reversionary interest in the streets, he has conveyed any interest he has in the streets to the abutting owners. Under those circumstances, when the streets are vacated the abutting owners on each side become the fee owners out to the center line.
In the instant case there was no common grantor, no subdivision by the grantor, and no conveyance of lots on either side of the roadway. Had the appellees’ predecessor conveyed to the appellant any property abutting the road subsequent to the creation of the road, then the case would turn on whether the appellees had reserved any interest in the twenty five feet of the roadway abutting appellant’s land.
We hasten to add that we express no opinion on the outcome if the county had conveyed the disputed portion of the road to the appellant before the road was abandoned. See Section 125.37, Florida Statutes (1975).
AFFIRMED.
RYDER and DANAHY, JJ., concur.